Nash, C. J.
 

 The indictment in this case is found on the Act of 1838, ch. 24th, in which it is declared,
 
 “
 
 It shall not be lawful for any free negro or person of color to marry a white person; and any marriage hereafter solemnized or contracted between any free negro or free person of color and a white person, shall be null and void. ’5 All persons living together under such circumstances, as marr and wife, are guilty of fornication and adultery. It is admitted that Melton is of Indian descent, and that the defendant Byrd is a white woman; and that at the finding of the indictment,, they were living together as man and wife; and they allege that they were legally married. The legality of the marriage is the only question presented by tire case. On the argument here, it was urged with much force that the Act did not embrace persons descended from Indian ancestors. Upon this point we do not deem it necessary to express an opinion, because the special verdict states
 
 “
 
 that the defendant Melton is of Indian blood, but in what degree they cannot say.” This is substantially finding simply that Melton is of Indian blood. To authorize a judgment upon this indictment, the jury should have found within what degree he stood to his Indian ancestor. The Act, it is true, is broad; but it cannot be supposed it was the intention of the Legislature to forbid marriages between white persons and persons of Indian blood, howsoever far removed. Every statute must receive a reasonable construction, and its letter is
 
 often
 
 departed from to cany out tire manifest intention of the lawmakers; and to arrive at a proper construction, when the words aie doubtful, it is the duty of Courts of justice to examine and compare.
 
 *51
 
 the different parts of the same statute, and with others made
 
 in pari moleña.
 
 At the session of the Legislature in 1836, all the Acts previously in force were re-enacted, and they consequently constitute but one Act.
 
 State
 
 v,
 
 Bell,
 
 3 Ire. 509. By the 5th sec. of Tlst ch. of that Stat., the Legislature provides, “If any white man or woman, being free, shall intermarry with any Indian, negro, mustee or mulatto man or woman, or any person of mixed blood
 
 to the third generation,
 
 bond or free, he shall, by the judgment of the County Court, forfeit $100,” &c. The 6th sec. inflicts a penalty upon any minister of the gospel or magistrate who shall knowingly marry such persons. By these two sections it is seen that a penally merely is inflicted for a violation of them. It was soon found that the evil was not remedied. The parties still continued man and wife, and to live together as such. To put an end to this state of things, the Act was passed under which this indictment was framed. The marriage itself is declared void, thereby subjecting the parties to the risk of being indicted for fornication and adultery, as long as they continued to cohabit. This Act is
 
 in pari materia
 
 with that of 1836; and the Legislature must have intended that the degrees set forth in the latter should govern the criminality of the former. It could not have been intended that the most remote taint of Indian blood on either side should make void tire marriage, while it confined the penalty expressed in the Act of 1836, to being violated in tire third degree. Again: in the 31st ch. of the Act of 1836, in sec. 81, the Legislature declare the evidence of all negroes, Indians, mulattos and persons of mixed blood, within the fourth generation, to be incompetent against a white person. In two cases then, the Legislature have pointed out the degree within which their prohibition shall operate, and when in 1838 they extend the penalty inflicted in the 5th sec. of the 71st ch. of the Act of 1836, they must have meant that the offence, so punished, should be the same offence, that is, should be a marriage within the degrees specified in the Act of 1836. It is a rule in the construction of Statutes, that all Statutes which relate to the same subject matter, although some of them may be expressed, or not referred to, must be taken to be one system, and so
 
 construed;
 
 
 *52
 
 1st Bur. 447; 3 Mass. R. 212; Lord Bacon’s 3d Rule, vol. 6, 382. To enable the Court to pronounce a judgment upon the special verdict against the defendant, it ought to have stated within what degree the defendant Melton was removed from his Indian ancestor. It does not do so — on the contrary, the jury say they do not know.
 

 There is no error in the judgment of tire Court below, and it must be affirmed.
 

 Pee, CuRíam. Judgment affirmed.