*POLLY ANN LAFOON v. ELIZA SHEARIN.

*Venue—Jurisdiction.*

If the county designated in the summons be not the proper county
　to try an action, still, the trial may proceed unless the defendant,
　*before the time of answering expires,* demand in writing that the
　case be removed to the proper county. THE CODE, § 195. This
　statute applies to actions for the recovery of real estate, as well
　as to personal actions.

Ejectment tried at Fall Term, 1884, of WAKE Superior
Court, before *Gudger, J.*

The plaintiff appealed.

*Mr. D. G. Fowle,* for plaintiff.
*Messrs. Fuller & Snow* and *E. C. Smith* for defendant.

SMITH, C. J.  This action is for the recovery of possession
of land and the allegations contained in the complaint are
all controverted in the answer, which was filed at June
term, 1880, of the superior court of Wake.  When the cause
was called for trial at August term, 1884, it was suggested
by the defendant, and the fact admitted by the counsel for
the plaintiff, that the land in dispute was entirely in the
county of Granville and the court had no jurisdiction in
the premises.

The court being of this opinion, although no objection
of this kind had been before made, and that the court
could not take cognizance of the cause, refused to reserve
the point and proceeded with the trial, and dismissed the
action, and from this judgment the appeal is taken to this
court.

*Mr. Justice MERRIMON, having been of counsel, did not sit on
the hearing of this case.

THE CODE, in sections 190 to 194 inclusive, prescribes the places of trial and designates the several counties in which civil actions must be tried, subject to the power of the court to remove to another county, and then follows section 195 in these words:

"If the county designated for that purpose in the summons and complaint be not the proper county, the action may notwithstanding be tried therein, unless the defendant, before the time of answering expires, demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties or by order of the court."

This section indiscriminately embraces all the previously enumerated actions as well as those for the recovery of real estate, which under the former system of pleading were called local actions, as those which were transitory or personal actions. The jurisdiction may depend upon the subject matter of the suit, as in the cases provided for in section 190; or the place where the cause of action arose, as provided in section 191; or upon the residence of the parties to the suit, as provided in section 192; or upon the conditions in sections 193 and 194; but all are embraced in the sweeping enactment that follows and requires every objection to the assumed jurisdiction to be made, *in limine* "before the time of answering expires." Then the cause is not dismissed, but is to be transferred to the court of the proper county and be tried, as if the action had been begun in that county.

We were disposed at first to think that real actions, where the defect of jurisdiction lies in the subject matter, may not have been intended to come within the operation of this section, and perhaps this may not have been the intent of the law making power. But upon a fuller consideration, we do not see how such a limit can be put upon the language, and its scope thus restricted.

The provision admits of no exception, and we cannot by construction make one.

"The action," thus wrongfully commenced, whatever may be its form or object, is upon exception to be removed and constituted in the court of the proper county; and when no exception is thus taken, the court of the county in which the action is brought under the statute acquires a jurisdiction and may proceed.

There was, therefore, error in the ruling and in the judgment dismissing the action, and it is reversed. Let this be certified to the end that the judgment in the court below be reversed and the cause proceed therein according to law.

Error.                                            Reversed.