W. H. ROGERS, Treasurer of the town of Durham, v. W. A. JENKINS, Treasurer of the county of Durham.

*Mandamus—Jurisdiction.*

1. In an application for a writ of *mandamus* to enforce the payment of a money demand, the summons must be returned to term time, and the cause conducted as in civil actions.

2. In applications for the writ to enforce other demands, the summons shall be returned before the Judge at Chambers, who may hear and determine both the law and the facts.

3. Want of jurisdiction cannot be waived, and may be taken advantage of at any stage of the action. *The Code,* §623.

(*Belmont* v. *Reily,* 71 N. C., 260; *Steele* v. *Com'rs,* 70 N. C., 137; *Tucker* v. *Baker,* 86 N. C., 1; *Froelich* v. *Express Co.,* 67 N. C., 1; *State* v. *Benthall,* 82 N. C., 664; *Long* v. *Jarratt,* 94 N. C., 443; cited and approved).

This was an application for *mandamus,* which was heard before *Philips, Judge,* at Chambers, at Pittsboro, on the 26th of May, 1887.

*Messrs. John Manning* and *Jno. W. Graham,* for the plaintiff.

*Messrs. J. B. Batchelor* and *R. C. Strudwick,* for the defendant.

DAVIS, J.   Wm. H. Rogers, the plaintiff, is the duly qual-·
ified treasurer of the town of Durham, and *ex-officio* the treas-
urer of the school committee of the said town, and the de-
fendant, W. A. Jenkins, is the duly qualified treasurer of the
county of Durham.

The plaintiff alleges that there is in the hands of the de-
fendant, the sum of $1,667.60, to which, by the provisions of
chapter 86, Acts of 1887, "in relation to the public schools in
the town of Durham," the plaintiff, as treasurer of said
school committee, is entitled; that he has made demand
therefor, and the defendant refused, and still refuses, to pay
the same, and he "prays that the writ of *mandamus* issue
to the defendant Jenkins, treasurer of Durham county, com-
manding him to pay to the plaintiff the sum of $1,667.60,
and for such other and further relief," &c.

The summons was issued by the clerk of the Superior
Court of Durham county, on the 13th day of May, 1887, re-
turnable "before the Judge, Fred. Philips, at Chambers, in
Pittsboro," on the 25th day of said month.

The defendant demurred to the complaint, and the cause
was heard on the 26th of May, before Philips, Judge, at
Chambers, in Pittsboro, upon the complaint and demurrer,
when the demurrer was overruled and judgment rendered
in favor of the plaintiff, from which the defendant appealed.

In this Court the defendant moved to dismiss the action
for want of jurisdiction.   Section 623 of *The Code* provides
that, "In all such applications (for writs of *mandamus*), when
the plaintiff seeks to enforce a money demand, the sum-
-mons, pleading and practice shall be the same as is provided
·for in civil actions."   It further provides, that when relief
᠊other than money demand is sought, the summons shall be

made returnable before the Judge at Chambers, or in term, as specified in the section.

This action is to "enforce a money demand," and should have been brought to the Superior Court of Durham county in term.

The summons was improperly returnable before the Judge at Chambers. He had no jurisdiction. The action was not brought to Durham Superior Court in term—was never in that Court—and the motion must be allowed. *Belmont* v. *Reily*, 71 N. C., 260; *Steele* v. *Commissioners*, 70 N. C., 137.

Want of jurisdiction cannot be waived, and the objection may be taken at any time. *Tucker* v. *Baker*, 86 N. C., 1; *Froelich* v. *Express Co.*, 67 N. C., 1; *State* v. *Benthall*, 82 N. C., 664; *Long* v. *Jarratt*, 94 N. C., 443.

The action must be dismissed for want of jurisdiction.
Dismissed.