S. E. KOONCE v. THE BOARD OF COMMISSIONERS OF JONES COUNTY.

*County Treasurer — Compensation — Pleading — Complaint — Mandamus to Board of Commissioners.*

1. The plaintiff, Sheriff and *ex officio* County Treasurer and Treasurer of the County Board of Education, brought an action against the Board of County Commissioners for compensation for the years 1881 to 1885. In his complaint he alleged that the defendants have not only refused to audit and allow him the sum demanded as commissions, but have refused to audit and allow him *any commissions*: *Held*, that an admission, by plaintiff that an allowance had been made him as treasurer of the educational fund is not an acknowledgment of a settlement in full for his services as County Treasurer: *Held further*, that an allegation that he has accounted for all moneys received and disbursed by him as County Treasurer during the years mentioned is not an admission that the defendants have made him an allowance on the moneys so accounted for, or that they have audited or paid his claim.

2. If the Board of County Commissioners refuse to consider his claim, the proper remedy is by *mandamus* to compel action on the subject.

3. Under the law, every County Treasurer is entitled to compensation for his labor and responsibility, in no case less than two and a half per cent. per annum on the amount collected, where it cannot exceed two hundred and fifty dollars.

This was a CIVIL ACTION, tried at Fall Term, 1889, of the Superior Court of JONES County, before *Boykin, J.*

The Judge intimated that upon the pleadings, as amended in accordance with the suggestions of *Shipp, J.*, made at a previous term, the plaintiff could not recover; whereupon, the plaintiff submitted to judgment of nonsuit and appealed.

The pleadings were as follows:

COMPLAINT AS AMENDED AFTER THE RULING OF JUDGE SHIPP.

The plaintiff complains, and alleges—

1. That he was appointed and duly qualified and inducted into the office of Sheriff of Jones County on the 7th day of

February, 1881; that since which time, to-wit, the 7th day of February, 1881, by regular election to said office, he has been the duly qualified and acting Sheriff of said county of Jones, and still fills said office, giving all bonds required thereby, and rendering in due course an account of the funds coming into his hands, and the obligations and duties of the said office of Sheriff.

2. That, before this plaintiff's first qualification and entering on the duties of said office of Sheriff as aforesaid, the office of Treasurer of the county of Jones, under the general provisions of the statute had been abolished, and by virtue of the Act of Assembly (*The Code*, § 770), this plaintiff, as Sheriff, has, *ex officio*, been the Treasurer of the county of Jones, and during said time has performed all the duties and obligations of Treasurer aforesaid.

3. That, since his qualification as Treasurer aforesaid, and holding said office, the tax-lists for the years 1881, 1882, 1883, 1884, 1885 have been duly placed in his hands, and he has held and disbursed the funds arising therefrom as Treasurer aforesaid, for the first four years above enumerated, and has regularly accounted therefor to the proper authorities, except for said list of 1885, the funds arising from which he stands ready and willing to account for.

4. That, as Treasurer *ex officio* of the county of Jones, he has received no compensation nor commissions for the years above mentioned, and he alleges that he is entitled to the compensation of Treasurer provided in the Act of Assembly (*The Code*, § 770), as he is informed and believes.

4½. That plaintiff's commissions as Treasurer of the county of Jones aforesaid, during the years 1881, 1882, 1883, 1884, 1885, are reasonably worth the sum of fifteen hundred and eight-five dollars and four cents.

5. The tax-lists, including county and school funds which have come into the hands of plaintiff for the years above named are as follows in amounts:

106—13

| | |
|---|---:|
| 1881 | $5,780.01 |
| 1882 | 6,581.79 |
| 1883 | 13,642.33 |
| 1884 | 8,914.47 |
| 1885 | 4,721.83 |

on which the commissions, as plaintiff is advised, informed and believes, would be as follows, 1½ per cent. for receipts, and 2½ per cent. for disbursements, to-wit, for

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---:|
| 1881 1½ per cent for receipts, $ | 86.69; | 2¼ per ct. for | disbursem'ts, $144.50 |
| 1882 " " " " " | 98.71; | " " " " | " | 164.44 |
| 1883 " " " " " | 204.70; | " " " " | " | 341.18 |
| 1884 " " " " " | 133.11; | " " " " | ʌ | 222.85 |
| 1885 " " " " " | 70.82; " . " " " | " | 118.04 |

making a total for commissions for said years, due plaintiff, of $1,585.04.

6. That during said years the plaintiff has been allowed, as he is advised, informed and believes, as Treasurer of County Board of Education, the sum of two and one-half per cent. commissions, which he has duly received, which list and percentage therein is as follows:

| | | | | | | |
|---|---|---:|---|---|---|---:|
| 1881 tax-list | $ | 2,866.49; | 2½ per cent | $ | 71.66 |
| 1882 " | | 3,039.34; | " " " | | 75.88 |
| 1883 " | | 4,430.85; | " " " | | 110.77 |
| 1884 " | | 3,066.70; | " " " | | 76 66 |
| 1885 " | | 2,316.82; | " " " | | 57.92 |

making total commissions as Treasurer of the County Board of Education, as he is advised, informed and believes, the sum of $392.89.

7. That plaintiff has demanded of the defendant Board, payment of the said commissions as Treasurer of the county of Jones, which they refuse to allow or pay to plaintiff.

8. That the plaintiff presented the aforesaid claim to the defendant Board of Commissioners to be audited and

allowed; that the said Board refused to audit and allow said claim and refused to audit or allow any commissions to plaintiff.

9. That the defendant Board stated to plaintiff at the time of the demand aforesaid, that it would not allow the commissions aforesaid as asked for, for the reason that it was not assured of its legal liability under the statute, and proposed that plaintiff and defendant should submit the matter to the judgment of the Court, as to plaintiff's commissions.

Wherefore, the plaintiff prays that he may recover of the defendant Board of Commissioners the sum of $1,585.04 and the costs of this action, and that he may have such other and further relief, etc.

### ANSWER.

The defendant answers the complaint—

1. It does not deny the first, second and third articles of the complaint.

2. It denies the fourth article of the complaint on information, advice and belief, and says that it is advised that such *ex officio* Treasurer is entitled to such compensation, not exceeding one-half of one per cent. on moneys received, and not exceeding two and a half per cent. on moneys disbursed by him, as the Board of Commissioners may allow, subject to the proviso in section 770 of *The Code.*

2½. It denies the allegation of article four and a half of the complaint.

3. It denies the fifth article of the complaint, in so far as it alleges that the plaintiff is entitled to any sum of money whatever for commissions, as alleged in said article of the complaint, as it is informed, advised and believes.

4. In answer to article six of the complaint, it says it is informed and believes that the plaintiff was allowed two and a half per cent. commissions on the amount collected

for school fund, and that the same was allowed by said Board of Commissioners, as defendant is informed and believes, in full of compensation to said Treasurer.

5. It does not deny the seventh article of the complaint.

And for further answer, defendant says—

1. That settlements were had of the accounts of said *ex officio* Treasurer for the year 1881 to 1884 inclusive, as stated in article third of the complaint, and no claim was made by plaintiff for compensation as such *ex officio* Treasurer, except the amount allowed as stated, as defendant is informed and believes.

2. That more than three years have elapsed since the cause of action for collection for years prior to year 1883, and before the commencement of this action, as appears from the summons and complaint, to which reference is made.

3. That it is advised and believes that plaintiff cannot maintain this action, because plaintiff, as such *ex officio* Treasurer, was only entitled to such compensation (not to exceed the amounts stated in said section 770 of *The Code*) as the Board of Commissioners may allow, and it is not alleged in the complaint that any amount has been allowed by said Board of Commissioners, for such compensation, nor has any amount been allowed, as defendant is informed and believes, other than said commissions on said school money as stated.

Wherefore, defendant demands judgment, that it go without day, for such further relief, &c., and costs.

RULING OF JUDGE SHIPP AT SPRING TERM, 1889.

In this cause it was agreed that the answer should be regarded and treated as a demurrer to the complaint.

The plaintiff alleges that he, acting as Treasurer, is entitled to commissions amounting to the sum of $1,500, or thereabouts.

He alleges that he "has demanded of the defendant Board payment of said commissions as Treasurer, or acting as such, which they refuse to allow or pay to the plaintiff." (See paragraph seven of complaint.)

It appears to the Court that the amount of the commissions to be allowed is, to some extent, at least, a matter of discretion. The maximum being fixed by *The Code,* § 770.

Assuming the facts, as stated, to be true, the plaintiff is apparently entitled to some commission. The amount, however, is uncertain and indefinite. It does not appear that a request or demand has been made upon the Board, of Commissioners, or the county, to audit, adjust or allow this special claim. It appears to the Court that the complaint is defective in this respect. (See paragraph 757, *The Code,* &c.; see Jones' Case, Vol. 73, and cases cited therein.)

It may be that the plaintiff can amend his complaint.

In this view of the case, the demurrer must be sustained, and the plaintiff may amend, as he is advised. The defendant may answer the amended complaint, the terms for the amendment to be in the discretion of the succeeding Court.

### AMENDED ANSWER.

The defendant answers the amended complaint, and, in addition to the original answer—

1. It denies the allegations contained in the fifth article of the complaint.

2. It denies the allegations contained in the eighth article of the complaint.

3. It denies the allegations in the ninth article of the complaint.

5. And it reaffirms, and makes a part hereof, all the denials and defences set up in the original answer filed herein.

PLAINTIFF'S REPLY.

The plaintiff, replying to the second cause of defence, as set out in the answer, says—

1. That the allegations of fact in the first article thereof are untrue, as plaintiff is advised, informed and believes, and he denies the same.

2. In answer to the allegation in the second article thereof, he says that he denies that more than three years have elapsed before the commencement of this action since the cause of action of plaintiff, or any part thereof, accrued.

*Messrs. C. Manly* and *F. M. Simmons*, for plaintiff.

*Mr. P. M. Pearsall* (*Messrs. Green & Stevenson* filed a brief), for defendant.

AVERY, J.—after stating the facts: The plaintiff was *ex officio* Treasurer of the county by virtue of his election to the office of Sheriff, and became, in the same way, Treasurer of the County Board of Education. *The Code*, §§ 768 to 771. For his services in collecting and disbursing the ordinary county fund, *The Code* (§ 770) declares that he shall "receive as a compensation in full of all services required of him such sum, not exceeding *one-half of one per cent. on moneys received, and not exceeding two and a half per cent. on moneys disbursed by him, as the Board of Commissioners of the county may allow: Provided,* that in counties where his compensation cannot *exceed two hundred and fifty dollars,* the said Treasurer may be allowed a sum *not exceeding two and a half per cent.* on his receipts and disbursements."

The plaintiff alleges in the sixth paragraph of the complaint that an allowance has been made to him of two and a half per cent. of the sum total received and disbursed by him in the capacity of Treasurer for the County Board of Education for the five years from 1881 to 1885, both inclu-

sive. He alleges further, in substance, that the defendants have not only refused to *audit and allow the sum demanded* for services as Treasurer of the county, but have refused to *audit or allow any commissions* to him, and have assigned as the reason for failing to comply with his demand that they denied their legal liability to pay him any compensation as County Treasurer, and proposed to make him an allowance only when forced to do so by judgment of the Court.

The plaintiff is required, as Treasurer of the Board of Education, to file a separate bond with different conditions from those embraced in that given in his capacity of County Treasurer, and in case of any breach an action must be brought by the County Board of Education; whereas for any default in accounting for the county funds proper, he must be sued by the Board of County Commissioners. *The Code*, §§ 766 and 2554; *County Board of Education* v. *Bateman*, 102 N. C., 57. We do not, therefore, concede the correctness of the position taken by the defendant, that the admission by the plaintiff that an allowance had been made to him for collecting and paying out the educational fund was an acknowledgment of a settlement in full for his services in both capacities. And we cannot concur in the view that the plaintiff, in alleging in the third paragraph of the complaint, that *he* has accounted for all moneys received and disbursed by him as Treasurer of the county for five years preceding the year 1885, has admitted that the defendants have made him an allowance on the moneys so accounted for, or audited or paid his claim, especially when he subsequently says, in explicit terms, that they have refused to either audit or pay, and have invited him to resort to his legal remedy.

It is well settled that where County Commissioners are clothed by law with power to make or not to make any allowance at all to an officer for his services, as they may think

best for the public welfare, the Court cannot control their discretion by a writ of *mandamus.* But where they refuse to entertain the question or exercise the discretion given to them in reference to it, the Courts will enforce action by *mandamus,* where no other legal remedy exists. Moses on Mandamus, p. 104. In the case of *Boner* v. *Auditor,* 65 N. C., 643, while conceding the unqualified discretion of the auditor in allowing or rejecting claims presented against the State, Justice READE, delivering the opinion, said: "The most this Court could do, would be to order the Auditor *to examine the claim* and report the fact, with his opinion, to the General Assembly."

If the Board of County Commissioners refused, therefore, to entertain the plaintiff's request to consider his claims and say whether he was, in their opinion, entitled to any compensation for his services, we think that there is no other remedy provided by law but a *mandamus* to compel action upon the subject. If the defendants deny that they refused to act as alleged, then an issue was thereby raised, and should have been submitted to the jury preliminary to entertaining the motion for a writ of *mandamus.* We are not prepared to admit that the defendants had such absolute discretion that they could compel a Sheriff to assume grave responsibility in the receipt and collection of the whole county fund proper, and to file a bond and subject himself to the risk incident to the accountability thus devolved upon him, and then deny him any compensation whatever after he had rendered a faithful account of his trust. Such a construction of the law would practically confer upon the County Commissioners the power to compel an officer objectionable to them to resign for want of support, and stretch their discretion to provide for a favorite who supplanted him.

We think that the law, fairly interpreted, was intended to give to every County Treasurer a compensation for his labor and responsibility, that in no case should be less than

two and a half per cent. per annum, on the amount collected, where it cannot exceed two hundred and fifty dollars.

The judgment of nonsuit must be set aside, and a new trial granted.

*Venire de novo.*