GRANVILLE COUNTY BOARD OF EDUCATION v. THE STATE BOARD OF EDUCATION.

*State Board of Education—Action to Compel Public Officer to Perform Duty—Removal of Action.*

1. The State Board of Education is an incorporated body, with capacity to sue and be sued.

2. An action lies to compel public officers to discharge mere ministerial duties not involving an official discretion.

3. A motion to remove an action to another county cannot be made after answer filed, although there was time given within which to file answer which has not expired.

MOTION to remove action to WAKE County, heard at January Term, 1889, of GRANVILLE Superior Court, before *Bynum, J.*

The plaintiff brought action against the defendant to September Term, 1888, of Granville Superior Court, which term began on the 10th day of September, 1888. Service was accepted by the Governor on the 15th day of September, 1888.

The plaintiff was then allowed thirty days to file complaint, and the defendant was allowed sixty-five days to file answer.

106—6

The complaint was filed on the 24th day of September, 1888, and the answer was filed on the 23d day of November, 1888.

In this complaint the plaintiff prayed that the defendant be required to issue its warrant on the State Treasurer for the sum of eight hundred and twenty-five dollars and twenty-five cents, alleged to be due the plaintiff on account of money withheld from it by defendant in 1886. After the pleadings were filed, and at the succeeding term of the Court, to-wit, November Term, 1888, which commenced on the 26th day of November, 1888, the defendant made, in open Court, a motion to have said action removed to the Superior Court of Wake County for trial. The motion, which was not in writing, but *viva voce*, was made before Judge Shipp, then holding the Court of the Fifth Judicial District.

There is no record showing upon what ground the motion was based, the only record being as follows:

" By consent, the motion to remove this cause to the county of Wake is continued."

At January Term, 1889, the motion was heard by the Court. The defendant then based its motion on two grounds, arising under section 191, paragraph 2, and section 195 of *The Code.* The plaintiff's counsel insisted that the motion which was made at November Term, 1888, was only under section 195, addressing itself to the discretion of the Court. The Court heard the motion on both grounds, and refused to remove the action, under section 195, as a matter of discretion, and declined to grant the motion to remove as a matter of right, under section 191. The action of the Court was not based upon the ground that the motion was not reduced to writing, but that section 191 did not give the defendant, in this particular case, a legal right to have the cause removed to the county of Wake

The defendant excepted to the ruling of the Court in refusing to remove said cause to the Superior Court of Wake County, under section 191, and appealed.

*Mr. A. W. Graham*, for plaintiff.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for defendant.

Clark, J.: The defendant moves to dismiss the action on the ground that the defendant is only an agency of the State, and the Court has no jurisdiction to entertain the action, as the State does not consent to be sued. *The Code*, § 2503, incorporates the defendant, and directs, among other things, that it "may sue and be sued as such." This is sufficient consent, if such be necessary. In *Bain* v. *The State*, 86 N. C., 49, the Court expressly holds that the Insane Asylum can be sued. Actions against that institution, and against the other great State agency and charity, the Institution for the Deaf and Dumb and the Blind, have been entertained by the Courts. *Ellis* v. *North Carolina Institution for the Deaf and Dumb and the Blind*, 68 N. C., 423, and other cases.

Even were not this beyond question, as the proceeding is to compel public officers to discharge a mere ministerial duty not involving an official discretion, the action will lie. *Raleigh and Augusta Air-Line Railroad Co.* v. *Jenkins*, 68 N. C., 502; *Marbury* v. *Madison*, 1 Cranch, 49. The duties here sought to be enforced are purely ministerial. *The Code*, §§ 2535 and 2537.

The defendant was allowed sixty-five days to file answer. It filed its answer before the time was out. After answer filed, but within the sixty-five days, it made the motion to remove, and from the refusal thereof appealed. The plaintiff contends that the motion came too late. The point is an adjudicated one. In *McMinn* v. *Hamilton*, 77 N. C., 300, it is held, " if the defendant pleads to the merits of the action, he will be taken to have waived the objection" to the venue. To same effect *Lafoon*, v. *Shearin*, 91 N. C., 370, and *Morgan* v. *Bank*, 93 N. C., 352. In the latter case, the Court say, "the objection must be made *in limine* before putting in answer." It is true that here the motion to remove was

made before the lapse of the time allowed defendant to answer, but it was after the answer was filed and it had pleaded to the merits. By its own choice it had shortened the time allowed it, and, after filing the answer, there was no further time in which an answer could be filed. The time for answering expired when the answer was filed.

Affirmed.