I. F. DUCKER v. S. F. VENABLE, County Superintendent of Schools of Buncombe County.

(Decided May 1, 1900.)

*School      Orders—Teacher — Superintendent — Mandamus When on Money, Demand—When Not, When Returnable to Term—When Not.*

1. Where a mandamus is on a money demand it is returnable at term.
2. When it is to enforce the performance of official duty, mandamus may be returnable before Judge at Chambers.
3. Mandamus to show cause why the defendant, County Superintendent of Public Schools, did not sign the school order held by plaintiff, a licensed teacher, is not a money demand; there is no claim that defendant owed anything individually or as a public officer, or had control of money due the plaintiff.

ACTION for mandamus against County Superintendent of Buncombe County to require him to sign and seal school order issued to teacher in public schools, returnable before *Coble, J.,* at Chambers in Asheville, on November 18, 1899.

The defendant moved to dismiss for want of jurisdiction, alleging that the action should have been returnable at term. Motion allowed, and plaintiff appealed.

*Messrs. Davidson & Jones,* for appellant.
*Messrs. Tucker & Murphy,* for appellee.

FURCHES, J. This is an application for mandamus brought before the Judge of the Superior Court at Chambers.

The plaintiff alleges in his complaint that he is a teacher of common schools, and is regularly authorized to teach, having stood his examination and received a first-grade certificate

as such teacher; that he contracted to teach a school of four months in District No. 5, of Buncombe County; that this contract was made with the school committee of said school district; that he had taught three months, had made all the reports required by law, and had orders signed by three of the committee of said district, made out in regular form, for the pay of the three months so taught; that he presented these orders to the defendant, who is the superintendent of common schools for Buncombe County, for his endorsement and signature as the law provided, and that the defendant arbitrarily and without any good or valid reason refused to endorse and sign the same.

The defendant filed an answer to the complaint, but at the hearing moved to dismiss the plaintiff's proceeding for want of jurisdiction, for the reason, as he alleged, that the defendant is sued upon a money demand, and that the action is returnable before the Judge at chambers when it should have been made returnable at term time.

The Court sustained the defendant's motion, dismissed the plaintiff's action, and the plaintiff appealed.

This presents the sole question for our determination—whether the Judge had jurisdiction or not.

If this action against the defendant is on a money demand, the judgment of the Court appealed from is right; but if it is not a money demand, then it is not right. And we must admit that we are unable to see how it is a money demand. The plaintiff did not claim that the defendant owed him anything individually or as a public agent, servant or trustee; nor that the defendant was the holder or had control of any money due the plaintiff.

The question before the Court was for the defendant to show cause why he did not sign these school orders. If they were in regular form, signed by three of the school committee,

it seems that it was his duty to endorse them.    This is what is termed a ministerial duty, and the writ of mandamus will lie to compel its performance.    *County Board of Education v. State Board of Education,* 106 N. C., 81; *Rogers v. Jenkins,* 98 N. C., 129, cases cited by defendant; High on Extraordinary Remedies, sec. 353; *Marbrey v. Madison,* 1 Cranch, 49; *Kendall v. U. S.,* 36 U. S., 524.    Of course if the defendant had reason to believe and did believe that these orders were forgeries, or were procured unfairly, it was not his duty to endorse them.    And it may be that there are other reasons why he should not have signed them.    If he had any such reasons, these were matters to be heard and determined by the Court.

The defendant relies on *County Board, etc., v. State Board, etc.,* and *Rogers v. Jenkins, supra.*    We do not think these cases sustain his contention, but are authority for the plaintiff.    We might cite other authorities, but as those cited by defendant sustain the plaintiff's contention, we do not cite more.

Looking at the answer, we suppose this trouble (as many others have) grew out of the legislation of 1899, amending the school law.    But we hope (if so) this trouble has been settled by some of the many cases that have been decided, in which this legislation has been involved.

There is error in the judgment appealed from, and the Court should have proceeded to hear the case.

Error.