A. VINEBERG v. F. N. DAY ET AL.

(Filed 13 April, 1910.)

1. **Optometry—Board of Examiners—Judicial Powers—Interpretation of Statutes.**

The Board of Examiners in Optometry, established by chapter 444, Laws of 1899, has authority to pass upon the proof required from an applicant to practice without examination, under section 6, to the effect that he had been engaged in the practice two years prior to the passage of the act, etc., this authority being construed from the requirement that he shall "file an affidavit as proof (of the facts) with the board."

2. **Optometry—Without Examination—Residents—Interpretation of Statutes.**

The provisions for one to practice optometry in North Carolina without an examination from the board of examiners, who has engaged in its practice here for two years prior or next preceding the date of the passage of the act, apply only to residents of the State, such being the construction of the language of section 8, "that any recipient of a certificate of registration shall present the same for record to the clerk of the Superior Court of the county in which he resides, etc."

3. **Optometry—Board of Examiners—Judicial Powers—Mandamus.**

The statute confers upon the Board of Examiners in Optometry authority to pass upon the proof required of one desiring to practice without an examination, and, having found from the petition that the applicant was not so entitled under the requirements of the act, a mandamus will not lie to compel the board to issue the certificate.

APPEAL from *W. J. Adams, J.,* from GUILFORD, heard by consent at chambers, 3 January, 1910.

The case is stated in the opinion of the Court.

*Stedman & Cooke* for plaintiff.

*A. L. Brooks, E. D. Kuykendall* and *C. W. Hall* for defendants.

WALKER, J.　This action was brought by the plaintiff against the defendants, who constitute the Board of Examiners in Optometry in this State, for the purpose of obtaining a peremptory writ of *mandamus,* compelling the defendants to issue to him a license to practice optometry in the State, without undergoing an examination as to his qualifications, by virtue of the provisions of Laws 1899, ch. 444. Section 5 of the said act provides for an examination by the board, in order to ascertain whether the applicant is qualified, by learning or experience, to practice

optometry.   The purpose of the act is to protect the people of
the State against quacks and empirics.   It is further provided
by the act as follows:

"SEC. 6. Every person who has been engaged in the practice
of optometry in the State of North Carolina for two years
prior to the date of the passage of this act shall, within six
months thereafter, file an affidavit as proof thereof with said
board.   The secretary shall keep a record of said person and
shall, upon payment of $3, issue to said person a certificate of
registration without the necessity of an examination.

"SEC. 7. All persons entitled to a certificate of registration
under the full provisions of section 6, shall be exempt from the
provisions of section 5 of this act. ·

"SEC. 8. All recipients of said certificate of registration shall
present the same for record to the clerk of the Superior Court of
the county in which they reside, and shall pay a fee of fifty cents
for recording the same.   Said clerk shall record said certificate
in a book to be provided by him for that purpose.

"SEC. 9. Any person entitled to a certificate as provided for
in section 6 in this act who shall not, within six months after
the passage of this act, make written application to the board
of examiners for a certificate of registration, accompanied by a
written statement, signed by him and duly verified before an
officer authorized to administer oaths in this State, fully setting
forth the ground upon which he claims such certificate, shall be
deemed to have waived his right to a certificate under the pro-
visions of said section.   Any such person may obtain a certifi-
cate thereafter by successfully passing examination and paying
a fee as provided for in this act.

"SEC. 10. Every person to whom a certificate of examination
or registration is granted shall display the same in a conspicu-
ous part of his office wherein the practice of optometry is con-
ducted."

The plaintiff presented to the board an affidavit which was
defective, and afterwards he presented an amended affidavit, in
which he stated that he had practiced optometry in this State
continuously for two years next preceding the passage of said
act.   It appeared in the said affidavit that he had practiced
optometry in other States occasionally, when called upon to do
so.   The affidavit was taken in the form of questions and an-
swers, and many questions were propounded to the applicant,
for the purpose of ascertaining his qualifications to practice the
profession of optometry, which were answered by him.   The
board refused to issue the certificate, and he then brought this
action to compel them to do so.

VINEBERG *v.* DAY.

It was agreed at the hearing that the judge should find the facts, and, among others, he found the following: First, that the petitioner has not been a resident of this State, and, second, that the defendants duly considered the affidavit first filed by the petitioner and the second affidavit, or written application, and passed upon the same, the board finding as a fact that the petitioner had not been engaged in the practice of optometry in this State for two years prior to the passage of said act, and that the grounds set forth in his application were not such as, under the law, entitled him to a certificate; third, that the petitioner had not been engaged in the practice of optometry in this State for two years prior to and next preceding the date of the passage of the act of 1899.

It will be observed that the act of 1899, in section 6 thereof, requires that the applicant for a certificate without examination shall offer proof showing that he is entitled thereto. It is true that this proof may be made in the form of an affidavit, for the words in the act are that he shall "file an affidavit as proof (of the facts) with said board." The evident purpose of the act is that the applicant should be required to file an affidavit in order to prove to the board, or, in other words, to the satisfaction of the board, that he had practiced optometry in the State within two years next preceding the passage of the act. Why should the Legislature require proof of the fact that he had so practiced in this State, unless the board had the authority to pass upon the proof and to find whether he had so practiced or not? The requirement that the proof should be in the form of an affidavit should make no difference in the construction of the act.

But assuming that the board had no discretion in the matter, and no right to pass upon the proof or to find the facts, one way or another, the act clearly requires that its provisions should apply only to a resident of this State, for in section 8 it provides that, "any recipient of a certificate of registration shall present the same for record to the clerk of the Superior Court of the county in which he resides, and shall pay a fee of fifty cents for recording the same, and the clerk shall record the certificate in a book to be provided by him for that purpose." How can the certificate be filed with the clerk of the court in the county of the plaintiff's residence, if the plaintiff has no residence there? And the court below has expressly found as a fact that the plaintiff has not been a resident of this State. The parties agreed that the judge might find the facts and declare his conclusions of law arising thereon.

If we should hold that the act conferred judicial power upon the board to pass upon the facts stated in the application, or to

exercise a sound legal discretion in the matter, the remedy by *mandamus* could not be invoked for the purpose of compelling the board to issue the certificate. In *Board of Education v. Commissioners,* 150 N. C., 116, this Court, quoting from High on Extra-legal Remedies (2 Ed.), sec. 24, said: " 'An important distinction 'to be observed in the outset, and which will more fully appear hereafter, is that between duties that are peremptory and absolute, and hence merely ministerial in their nature, and those which involve the exercise of some degree of official discretion and judgment upon the part of the officers charged with their performance. As regards the latter class of duties, concerning which the officer is vested with discretionary powers, while the writ may properly command him to act or may set him in motion, it will not further control or interfere with his action, nor will it direct him to act in any specific manner.' The doctrine so stated by Mr. High is in accord with the uniform decisions of this Court on the subject. *Ward v. Commissioners,* 146 N. C., 534; *Glenn v. Commissioners,* 139 N. C., 412; *Burton v. Furman,* 115 N. C., 166." See *Barnes v. Commissioners,* 135 N. C., 27.

We are of the opinion that, upon the facts as found by *Judge W. J. Adams* in the court below, the judgment refusing the writ of *mandamus* was correct. It is unnecessary that we should refer to the cases cited in the brief of the appellant, as in the view we take of the case they have no application to the facts as found by the court.

Affirmed. •