J. F. ALEXANDER ET AL. v. L. C. LOWRANCE, MAYOR, ET AL.

(Filed 7 December, 1921.)

**1. Public Officials — Officials — Officers de Facto— Quo Warranto—Mandamus—Pleadings—Admissions—Actions.**

The exercise of official duties of an officer *de facto* can be impeached only by a proceeding properly instituted for that purpose; and when the defendants admit in proceedings for mandamus that the plaintiffs were acting in the exercise of the powers and performing the duties of officials for a special school district created by statute, it precludes the defendant from insisting upon their want of authority to maintain the proceedings.

**2. Statutes—Interpretation—In Pari Materia.**

All statutes relating to the same subject will be compared and construed by the courts with reference to· each other, so as to effectuate all of the provisions of each, if it can be reasonably and fairly done, so that effect will be given to the legislative intent.

**3. Same—Municipal Corporations—Cities and Towns—Bonds—School Districts.**

C. S., 5684, 5686, giving authority to the governing bodies of incorporated cities and.towns to issue bonds for school purposes upon the submission of the question to, and the approval of their voters, and section 5690, construing these powers to be in addition to or coördinate with those given or which may thereafter be given by statute to such corporation, do not deprive a school district created under a special act from exercising control over the schools in the district under authority specially conferred, or the trustees of such district of their right to the funds received by the city or town from the sale of the bonds issued for the schools of the district, in disregard to the directions of a prior act creating the special school district.

**4. Public Officials—Officials—Trusts—Passive Trusts—Mandamus—Statutes—School Districts.**

Where the treasurer of an incorporated city or town refuses to turn over to the proper officials funds received ¯from the sale of bonds for school purposes, contrary to the provisions of statute, such treasurer is not acting under an authorized judicial or discretionary power, but he is merely a simple or passive trustee against whom mandamus will lie.

APPEAL by defendant from *Shaw, J.,* 20 September, 1921, from RUTHERFORD.

Peremptory mandamus, granted on 20 September, 1921, to compel the defendants to deliver to the treasurer of the graded school committee of Forest City the proceeds of bonds issued to provide a fund for the erection of a school building in the Forest City Graded School District.

The defendants admitted that the plaintiffs, Alexander, Reinhardt, Hemphill, Reid, and Biggerstaff were acting as the graded school committee, performing the duties of such committee, and conducting the public schools of the town, and that the plaintiff Biggerstaff is the treasurer of the committee. The defendants, however, denied that the plaintiffs were lawfully constituted officers.

By virtue of Public Laws 1915, ch. 81, now C. S., ch. 95, art. 40, the board of aldermen of Forest City ordered an election and submitted to the qualified voters of the town the question of issuing bonds in the sum of $50,000 for the purpose of erecting a building for the city graded school; and a majority of the qualified voters having voted for the bonds, the board of aldermen caused bonds to be issued and sold, and, after paying commissions and expenses, turned over to the treasurer of the town $45,000 arising from the sale. The plaintiffs made demand upon the defendants for this money, and upon the defendants' refusal to deliver it, applied to Ray, J., for an alternative mandamus, and afterward to Shaw, J., for a peremptory mandamus. Judge Shaw rendered judgment granting the peremptory mandamus, and from this judgment the defendants appealed.

*R. R. Blanton and Ryburn & Hoey for plaintiffs.*
*Solomon Gallert for defendants.*

ADAMS, J. The defendants admit that the graded school committee are conducting the public schools in Forest City, and are otherwise performing the duties and functions of their office. In view of this admission, it is unnecessary to enter upon a discussion of the refinements that characterize the difference between an officer *de facto* and an officer *de jure,* because it is familiar learning that the exercise of official duties by an officer *de facto* can be impeached only by a proceeding properly instituted for that purpose. The admission of the defendants is fatal to their contention that the plaintiffs are not lawfully constituted officers and for this reason are without authority to maintain their action. *Navigation Co. v. Neal,* 10 N. C., 520; *Burke v. Elliott,* 26 N. C., 355; *Comrs. v. McDaniel,* 52 N. C., 107; *Rogers v. Powell,* 174 N. C., 388.

The principal argument of the defendants was addressed to the proposition that the board of aldermen of Forest City have exclusive control of the fund in question, that the plaintiffs have no legal claim upon it, and that the writ of mandamus was improvidently issued. On the other hand the committee of the graded school contended that their right to the fund is absolute and unassailable. The arguments advanced require an examination of the laws on which the respective parties base their claims.

The defendants rely chiefly upon the act of 1915, which is now C. S., ch. 95, art. 40. Section 5684 is as follows: "Whenever the board of aldermen or other duly constituted authority of any incorporated town or city in the State, which is in charge of the finances, shall deem it necessary to purchase lands or buildings, or to erect additional buildings for school purposes, the said board of aldermen or other authority is

authorized and empowered to issue for said purposes, in the name of the town or city, bonds of such amount as the board of aldermen or other authority shall deem necessary, in such denominations and forms as the board of aldermen or other authority may determine." Section 5688 authorizes the board of aldermen of each city or town, after ascertaining in the manner provided that a majority of the qualified voters favor the issuance of school bonds, to cause the bonds to be prepared and issued for the approved purpose, and to be sold at public or private sale. Section 5690 is in these words: "This article shall apply to towns or cities which have powers under special acts or charters as well as to those who derive their powers from the general law. This article shall not be deemed or construed to repeal or abridge any powers, rights, or privileges heretofore or hereafter granted by any special acts to any town or city, but shall be construed to grant additional powers where no such powers have been granted, or coördinate powers where such powers have already been or shall be granted."

If article 40 shall not be construed to repeal or abridge any powers, rights, or privileges granted by special acts, it becomes material to inquire whether such powers, rights, or privileges have been granted to the plaintiffs.

At the session of 1903, the General Assembly passed an act to establish a graded school for the town of Forest City. This act provides that Forest City shall constitute a public school district; that after the graded school committee shall have determined the amount to be levied, the board of aldermen shall levy an annual tax for the support and maintenance of this school; and that the moneys apportioned to the school district shall be turned over by the treasurer of the county to the treasurer of the school committee for the benefit of the school. Section 3 provides that the school committee shall have exclusive control of the public school interests, funds, and property in the graded school district; and section 9 that the committee shall have the right to control site, lands, buildings, and other property belonging to the trustees of the Forest City Academy or high school, title to which is vested in them and their successors.

It is a fundamental rule of statutory construction that for the purpose of learning and giving effect to the legislative intention, all statutes relating to the same subject are to be compared and so construed in reference to each other that effect may be given to all the provisions of each, if it can be done by any fair and reasonable construction. 25 R. C. L., 1061; *S. v. Melton,* 44 N. C., 49; *Cecil v. High Point,* 165 N. C., 431; *Mfg. Co. v. Andrews, ib.,* 285. Applying this principle to the act of 1903 and to the act of 1915, we regard it clearly the intention of the General Assembly to confer upon the school committee power and authority to

take charge of and control the funds, moneys, lands, buildings, property and general interests of the graded school district. We are convinced, also, that the act of 1915 was not intended to deprive the committee of the rights and privileges conferred by the act of 1903. The statutes embraced in article 40, *supra,* were intended to confer upon the board of aldermen of any incorporated city or town, or other governing body in charge of its finances, power and authority, if not otherwise conferred, by conforming to the procedure therein prescribed to issue and sell bonds for the purchase of lands or buildings, or for the erection of buildings for school purposes; and if such authority has been conferred on any other body, to grant to, the board of aldermen or other duly constituted authority, such coördinate powers as may be necessary to effect the contemplated purpose. But evidently these statutes cannot be construed as depriving the school committee of their exclusive right to control the funds and other property appertaining solely to the graded school district.

In the next place, the defendants contend that neither of the acts referred to imposes upon the school committee any specific right or duty, and that they are not entitled to the writ of mandamus. The cases cited by counsel for the defendants sustain the principle that ordinarily the writ will be granted to enforce only a ministerial act or duty which is imposed by law; but we cannot concur with the counsel in his application of the principle. When the bonds were sold and the treasurer of the town received the proceeds, he occupied the position of a passive or simple trustee, who held the money for the benefit of the school committee; for with respect to the fund he had no judicial or discretionary duty to perform. It was incumbent upon him immediately to transfer the fund to the treasurer of the school committee; and upon his refusal or failure to perform a duty which was ministerial, and not judicial or discretionary, the plaintiffs properly applied for, and his Honor properly granted, the peremptory writ of mandamus.

It was suggested in the brief of counsel for the defendants that the pleadings raised disputed questions of fact which should have been submitted to a jury for determination. The pleadings raise, not issues of fact, but questions of fact and of law, which were determinable by the court; but even if otherwise, the defendants having agreed that the cause should be heard without the intervention of a jury, cannot now renounce the jurisdiction of his Honor and invoke such renunciation as a valid cause for reversing the judgment. Due consideration of the record and of the briefs discloses no error, and accordingly the judgment is

Affirmed.