BOARD OF EDUCATION of YANCEY COUNTY ET AL. v. THE BOARD OF COUNTY COMMISSIONERS of YANCEY COUNTY ET AL.

(Filed 13 May, 1925.)

**Schools—Taxation—Elections—Statutes—Ministerial Duties—Mandamus.**

C. S., 5645 provides for the holding of another local election for the imposition of a tax in a school district after six months from the time this question had been unfavorably voted upon in the district under C. S., 5640, and where the provisions of 5639, 5640 have been complied with as to the sufficiency of the first petition, no discretionary or judicial power is vested in the commissioners in calling the election under C. S., 5645, and when its provisions have been complied with, the duty of the county commissioners is purely ministerial, and mandamus will lie to compel them to perform it.

APPEAL by plaintiffs from YANCEY Superior Court, *Brown, J.*

Action by plaintiffs Board of Education of Yancey County, and taxpayers and citizens of a school district in said county to require, by mandamus, the defendants Board of County Commissioners, and its individual members, to order a special tax election in this school district. The trial court, upon a hearing, refused to issue the writ of mandamus, and plaintiffs appealed.

The appeal of plaintiffs presents only one question: Has the board of county commissioners any discretion in passing upon a properly executed and endorsed petition for a local tax election in a school district, when an election has already been held, but more than six months prior to the filing of such petition?

The trial court was of the opinion that this was within the sound discretion of the county commissioners and refused the writ and plaintiffs appealed.

*A. Hall Johnston, Charles Hutchins for plaintiff.*
*Watson, Hudgins, Watson & Fouts for defendants.*

VARSER, J. It is conceded, and we think properly so, that the duty of the county commissioners in considering the petition for the first election is not discretionary, but only ministerial, and that C. S., 5640 is mandatory. The board of county commissioners, under C. S., 5640, has the power to determine whether the petition complies with C. S., 5639 and 5640, but when it is admitted that the petition for the first election does comply with these requirements, they have no discretion to refuse to order the election. Its language is plain: "It shall be the duty of the board of county commissioners . . . to call an election and fix the date for the same." Another question is presented, when one such election has been held resulting adversely to the local tax, and another election is sought by petition in due form. C. S., 5645 provided: "In the event that a majority of the qualified voters of a district do not at the election cast their votes for the local tax, another election or elections under the provisions of this article may be held after the lapse of six months in the same district."

The trial court was of the opinion that C. S., 5645 vested in the county commissioners a "sound discretion" to order or not to order the election, although the six months since the prior election had elapsed. In our opinion, this construction of C. S., 5645 must be held for error. This section only applies to the frequency of elections as its headnote says. If the statute (C. S., 5645), or some other similar provision, had not been provided, then only one election in a district could have been held under the terms of C. S., 5639 and 5640. In order to provide machinery for recurring elections, it is provided in C. S., 5645 that, after the lapse of six months from the election that resulted unfavorably, another election, or elections, *may be* held under the provisions of this article (C. S., Art. 23, Education). This article provided in C. S., 5639, 5640, 5641, the machinery for originating the petition for the election, the consideration thereof by the county board of

education with full power and discretion to approve and endorse the same (*Key v. Board of Education,* 170 N. C., 125), and the exercise of discretion by it, in determining whether it will endorse and approve. Mandamus only lies to compel action and not to direct it, if the asserted powers *are* discretionary.

*Key v. Board of Education, supra; Edgerton v. Kirby,* 156 N. C., 347, 351; *Board of Education v. Comrs.,* 150 N. C., 116, 123; *Ward v. Comrs.,* 146 N. C., 534; *Burton v. Furman,* 115 N. C., 166; *Brodnax v. Groom,* 64 N. C., 244; *Attorney-General v. Justices,* 27 N. C., 315; Abbott on Mun. Corp. sec. 1108; High on Extra Legal Remedies (2 ed.) sec. 24; *State v. Vanhook,* 182 N. C., 834; *Person v. Watts,* 184 N. C., 499. *Ward v. Comrs., supra; School Comrs. v. Aldermen,* 158 N. C., 191; *Muller v. Comrs.,* 89 N. C., 171; *Fisher v. Comrs.,* 166 N. C., 238; *County Board v. State Board,* 106 N. C., 81; *Board of Education v. Comrs.,* 150 N. C., 116; *Barnes v. Comrs.,* 135 N. C., 27; *Ewbank v. Turner,* 134 N. C., 77; *Russell v. Ayer,* 120 N. C., 180; *Battle v. Rocky Mount,* 156 N. C., 329; *McNeill v. Somers,* 96 N. C., 467; *Worthy v. Barrett,* 63 N. C., 199; *Glenn v. Comrs.,* 139 N. C., 412; *Vineberg v. Day,* 152 N. C., 355, 358; *Boner v. Adams,* 65 N. C., 639; *Koonce v. Comrs.,* 106 N. C., 192; *Refining Co. v. McKernan,* 179 N. C., 314; *Alexander v. Lowrance,* 182 N. C., 642; *Burke County Road Comrs. v. Comrs.,* 184 N. C., 463; *Britt v. Board,* 172 N. C., 797; *Lucas v. Belhaven,* 175 N. C., 123; *Key v. Board, supra; Dula v. School Trustees,* 177 N. C., 426; *Board v. Board,* 178 N. C., 305.

The interested citizen is entitled to compel the exercise of discretion by public officers, in such as the instant case, but he cannot direct its course.

In our opinion, C. S., 5645 is an enabling statute, by which the interested citizens, pursuant to and in compliance with C. S., 5639, *may,* after the lapse of six months, seek another election. If the county board of education "endorses and approves" the petition according to C. S., 5640, then the county commissioners are limited to their mandatory duty "to call an election and fix the date for the same." "May" in C. S., 5645 *enables, permits,* and *does not require,* the "citizens of any duly created school district" to start again the machinery provided by which they can have another opportunity to vote on the question of a local tax for schools in the given district.

Since the duty of the board of commissioners, under C. S., 5640, is the same in case of the second election, as in the first instance, it is only *ministerial,* and not discretionary and judicial. *Key v. Board of Education, supra.*

Therefore, mandamus is the appropriate remedy to enforce the performance of this ministerial, nondiscretionary duty. *Edgerton v. Kirby,*

*supra; Withers v. Comrs.,* 163 N. C., 341; *Bennett v. Comrs.,* 125 N. C., 468; *Brown v. Turner,* 70 N. C., 93; *Rogers v. Jenkins,* 98 N. C., 129; *Ducker v. Venable,* 126 N. C., 447; *Fisher v. Comrs., supra; Granville County Board v. State Board, supra; Russell v. Ayer, supra; R. R. v. Jenkins, Treas.,* 68 N. C., 502; *Kendall v. U. S.,* 12 Peters, 524; *Barnes v. Comrs., supra; Burton v. Furman, supra; Cotton v. Ellis,* 52 N. C., 545; *Brown v. Turner, supra; Rogers v. Jenkins, supra; Ducker v. Venable, supra; Hargrave v. Board,* 168 N. C., 626; *Refining Co. v. McKernan, supra; Alexander v. Lowrance, supra; Dula v. School Trustees, supra; Britt v. Board, supra.*

Upon the facts appearing in the instant record, and upon the principles herein announced, the trial court was in error in refusing the writ of mandamus. To the end that the writ be issued as prayed for, let the judgment of the trial court be

Reversed.