Daniel, J.
 

 This is an action on the case against the defendant, the Sheriff of Yancy, tried on the general issue. The plaintiff placed claims against certain of his debtors, in the hands of the defendant’s
 
 deputy.
 
 The deputy collected of those claims the sum of $90. The plaintiff) before the commencement of this suit, demanded of the deputy the money, but he did not demand it of the High Sheriff. The act of Assembly declares, that whenever a Sheriff, by himself or
 
 deputy,
 
 shall receive claims for collection, it shall be his duty (as an officer) to collect and pay over, in like man, ner as constables are now bound; and in default of such duty, he shall be liable. And for moneys collected on such
 
 *228
 
 claims, the sheriff and his sureties are liable, in like manner, as is now provided for in the case of moneys collected by Sheriffs under process of law; (Rev. Stat. ch. 119, s. 23.) receipt 0f tjje money by the deputy was in law a receipt of the Sheriff. The only objection taken by the Sheriff was, that the suit had been brought against him, before any demand had been made of him. There was a verdict for the plaintiff, subject to the opinion of the Court upon this point. The Court, afterwards, was of opinion, that a demand of the money should have been made of the Sheriff before the commencement of the action, and non-suited the plaintiff, who thereupon appealed to this Court.
 

 If there be a non-feasance or neglect of duty by theunder-Sheriff, the Sheriff alone is responsible to the party injured, and the default is a matter to be settled between the Sheriff and the under-Sheriff;
 
 Cameron
 
 v
 
 Reynolds,
 
 Cowp. Rep. 406. 2 Blac. Rep. 832. 3 Wilson, 314. Doug. 40. Watson, 33. Upon this demand on the Sheriff for the money collected by him and then in his hands, it was his duty on behalf of his principal to have paid it to the plaintiff, and, for the default in not doing so, the defendant is liable to this action. We are therefore of opinion, that the judgment rendered by the Superior Court must be reversed, and a judgment rendered for the plaintiff for the amount of the verdict and cost.
 

 Per Curiam, Judgment reversed and judgment for plaintiff.