DAVID D. SHAVER v. G. W. HUNTLEY et al.

*Removal of Causes—Proper Venue—The Code—False Imprison-*
*ment—Public Officers—Official Duty.*

1. In an action for damages for false imprisonment, brought in the county of Rowan against certain public officers of the county of Anson, the defendants moved to have the action removed to the latter county on the grounds that defendants were public officers, acting in their official capacity; that there were a number of material witnesses who could not attend trial on account of the ·distance and their poverty, and defendants were unable to pay their expenses: *Held*, (1) that the defendants are entitled to the removal allowed under *The Code*, § 191, unless they have lost their rights by failure to comply therewith; (2) that the making of their motion for removal before the expiration of the time allowed to file answer, and before answer filed, was in apt time; (3) the defendants were allowed any defences they might have had, had there been no extension of time.

2. *Quære:* Whether defendants could not have had their demands passed upon before the Fall Term, and whether or not it was the duty of the Court to find how the fact was and determine the·question of removal upon the uncontroverted affidavit of defendants.

This is an appeal from a judicial order of *Bynum, J.,* refusing the demand of the defendants that the cause be removed from the Superior Court of Rowan County to the Superior Court of Anson County, made at August Term, 1890, of ROWAN Superior Court.

The summons was issued and duly executed, returnable to the Spring Term, 1890, of the Superior Court of Rowan County.. The record shows that, at the return term (May Term, 1890), before *Shipp, J.,* the following entry was made: "Continued.   Thirty days allowed plaintiff to·file complaint, and thirty days thereafter to allow defendants to answer as of this term."

On the 2d day of June, 1890 (within the time allowed), the plaintiff filed a verified complaint, as of May Term, 1890,

alleging, in substance, that, in November, 1889, near the town of Wadesboro, in the county of Anson, while the plaintiff was in camp with his wagon and team, the defendants, with divers other persons unknown to the plaintiff, did make an assault upon him and beat and ill-treat him, and, without any warrant or other legal process, did violently seize, arrest, imprison and detain the plaintiff without any reasonable or probable cause, and, in the night-time, did detain and carry this plaintiff into the town of Wadesboro, and, without allowing him the benefit of a trial, and refusing to allow him to give bail for his appearance the next morning, against his protest, did incarcerate this plaintiff in the common jail of Anson County, where he remained for the space of about twenty-four hours—all of which acts were committed by the defendants maliciously and without probable cause, and were contrary to law and against the protest of plaintiff; that plaintiff was taken before a Justice of the Peace the next morning, charged, as he was informed, with the crime of retailing spirituous liquor without having a license, and, upon a hearing, plaintiff was discharged and released from custody for the want of probable cause; that, by reason of said assault, false imprisonment and unlawful acts of the defendants, the plaintiff has been injured, and he demands $10,000 damages, and costs, &c.

On the 30th day of June, 1890 (within the time allowed), the defendants filed a verified answer to the complaint, denying its material allegations, alleging that they were public officers, acting, in what they did, under legal authority, and other matter in bar of the plaintiff's right to recover. They further say that this action is brought against said public officers, and other defendants who aided them, on account of acts done by virtue of their said office as aforesaid, and the same is improperly brought in the county of Rowan, and should be removed to the county of Anson.

There are a large number of witnesses in the case, all of whom, except plaintiff and Hinson, reside in Anson County.

Wherefore, defendants ask judgment—

1. For removal of cause to Anson County.

2. That the action be dismissed, and they recover their costs.

Before the said answer was filed, to-wit, on the 24th of June, 1890, the defendants served the following notice on the plaintiff:

"You are hereby notified that we will make a motion before his Honor Judge Bynum, at the next term of the Superior Court  *    *  .  *  to remove the above entitled cause from the county of Rowan to the county of Anson for trial, and we hereby demand said removal upon the ground and for the reason that said action has not been brought in the proper county, but should have been brought in the county of Anson."

The defendants (five in number) also say, upon affidavits, "that there are no less than ten witnesses in this cause whose testimony is material and important to the trial thereof, all of whom reside in Anson County, and are persons without the necessary means of attending a Court at so great a distance. All the witnesses to the transaction which is made the subject of this action, reside in said county except the plaintiff's in this, and the action of L. M. Hinson, and J. J. Lawrence, one of the defendants.  *    *    *  That all of the defendants are men of very small means, and would be unable to secure the attendance of witnesses at such distance, and affiants aver that the convenience of witnesses and the ends of justice would be promoted by a change of the place of trial of this action to the county of Anson."

The following is a statement of the case on appeal:

"Before the time of the answering expired, the defendants demanded, in writing, that the case be removed to Anson

107—40

County, upon the ground that it had not been brought in the proper county.

"At August Term, 1890, of Rowan Superior Court, the case was heard by Bynum, Judge, upon the motion of defendants for the removal of the cause to Anson County, upon the ground that the action was brought against public officers, and others who, by their command, had aided them for acts done by virtue of their said office, all of whom resided at the time in Anson County.

"In support of this motion, the defendants read their answer as an affidavit, which set forth the fact that the defendant J. C. Parsons was an acting Justice of the Peace of Anson County, and the defendant C. T. Coppedge, the Marshal, or Constable, of the town of Wadesboro, and that the plaintiff was arrested by virtue of a warrant issued by said Justice and executed by said Marshal, or Constable, and that the other defendants who were present acted in aid and by assent of said officers, a copy of said warrant being attached to the answer in the cause, and that this action is brought against the defendants on account of acts done by virtue of their said office as Justice of the Peace and Constable, and against the other defendants for aiding and assisting therein in arresting and detaining the plaintiff as aforesaid.

"The plaintiff filed no counter-affidavit denying these allegations of the defendants, but insisted that the action was brought against them as individuals, and not as public officers, as appears from his complaint."

His Honor denied the motion and gave judgment accordingly, from which the defendant appealed to the Supreme Court.

No counsel for plaintiff.
*Mr. R. E. Little,* for defendants.

DAVIS, J.—after stating the facts: *The Code,* § 191 (2) pro-
vides that actions "against a public officer or person especially
appointed to execute his duties, for an act done by him by
virtue of his office, or against a person who, by his com-
mand or in his aid, shall do anything touching the duties of
such officer," must be tried in the county where the cause,
or some part thereof, arises. Section 195 provides that "if
the county designated for that purpose in the summons and
complaint be not the proper county, the action may, not-
withstanding, be tried therein, unless the defendant, before
the time of answering expires, demands, in writing, that the
trial be had in the proper county," etc. The allegations of
the defendants, upon which they base their demand for a
removal of the cause to Anson County for trial, are not
denied, and must, therefore, be taken as true, and they are
entitled, as a matter of right, to the removal under sections
191 (2) and 195 of *The Code,* unless they have lost that right
by the failure to comply with the requirement of the latter
section, or waived it by *answering* before demanding the
removal.

It is well settled that where the Court has jurisdiction of the
subject-matter of an action, and it is brought in the wrong
county, the objection to the *venue* must be taken in apt
time, or it will be deemed to have been waived. It must be
taken not only "before the time of answering expires," as
required by section 195 of *The Code,* but it must be taken
*in limine* and before answering to the merits. *County Board
of Education* v. *State Board of Education,* 106 N. C., 81, and
cases there cited.

Did the defendants, in the present case, take the objection
to the *venue* in apt time, or did they waive their objection by
answering to the merits before the demand in writing was
made? By the order made at May Term the plaintiff was
allowed thirty days to file his complaint, and the defendants
were allowed thirty days thereafter to file their answer, and

these were to be filed " as of May Term." The plaintiff filed his complaint on the 2d day of June; on the 24th day of June, before the time for answering had expired, and *before* their answer was filed, they filed their demand for removal, and gave notice thereof to the plaintiff, and in their answer, filed June 30th, they demand judgment "for removal of cause to Anson County." The answer was filed June 30th *as of May* Term preceding, and the demand was filed the 24th, before the answer, and before the time of pleading had expired, and as the defendants, of course, could not file their answer till after the complaint was filed, though it was filed as of May Term, so, from the very nature of the case, they had the right to file their demand for removal, before answering, as they did, and as of May Term. The thirty days time to file the complaint, and *thirty days thereafter to* answer, must (fairly construed) mean that the defendants were to be allowed that time to make any defence or objection to the complaint which they might have done if there had been no extension of the time to file complaint and answer as of May Term. If this be not so, the defendants have lost a right without any fault or neglect of their own, and which they could not have prevented by any reasonable diligence or foresight.

We think that this case is clearly distinguishable from *County Board of Education* v. *State Board of Education.* In that case, it is true the motion to remove was made before the lapse of time allowed to answer had expired, but it was made after the answer was filed and the defendant had pleaded to the merits, and, besides, the demand was not in writing; in this case, while it is true the motion was not heard till the Fall Term, yet it was made in writing *before* the answer was filed, in *fact*, and before the time to answer expired, and, from the nature of the case, it must be considered as having been made as of May Term, before the answer was filed, and *continued* with the cause, and, to rebut

SHAVER *v.* HUNTLEY.

any presumption of waiver by answering within the time allowed. Not only is the demand made in writing and notice thereof given before the answer is filed, but, in the answer itself, the objection is insisted upon, and objection and demand for removal appearing in the answer, "we might regard the answer in this case as such an application," as was said in *Rankin* v. *Allison*, 64 N. C., 674.

The plaintiff "insisted that the action was brought against the defendants as individuals, and not as public officers, as appears from the complaint," and this seems to have been the ground upon which his Honor denied the motion. This, we think, was an error, for, if made properly to appear, by affidavit or otherwise, that the defendants came within the provision of section 191 (2) of *The Code*, they were entitled to the order of removal, if demanded in apt time, which, under the circumstances of this case, we think was done.

The record presents other interesting questions, as whether "the Courts, being at all times open for the transaction of all business within their jurisdiction, except the trial of issues of fact, requiring a jury," the defendants might not have had their demand heard and passed upon before the Fall Term, and whether it was not the duty of his Honor to find how the fact was, and determine upon the uncontroverted affidavits of the defendants, whether they were not entitled to the removal under subsection 2 of section 195 of *The Code*, but, for the reasons given, we think the defendants were entitled to the order of removal, and we need not consider these questions.

Error.