RILEY v. PELLETIER.

(Filed March 8, 1904).

1. VENUE—*Removal of Causes—The Code, secs. 177, 179, 192.*

　　Under The Code, sec. 195, providing for change of venue when the convenience of witnesses and the ends of justice demand, such motion may be made at any time in the progress of the cause.

2. VENUE—*Removal of Causes—Affidavits.*

　　The filing of an affidavit and motion for change of venue in vacation before the clerk is invalid. The motion must be made before the trial judge.

3. VENUE—*Removal of Causes—The Code, sec. 195.*

　　Under The Code, sec. 195, a motion for change of venue because of action brought in the wrong county must be made before the time allowed to answer expires.

ACTION by J. T. Riley and others against J. W. Pelletier, heard by *Judge R. B. Peebles* at November Term, 1903, of the Superior Court of LENOIR County. From an order of removal of the action the plaintiffs appealed.

*N. J. Rouse,* for the plaintiffs.
*Simmons & Ward,* for the defendant.

CLARK, C. J. Plaintiffs, other than Lovett Hines, are non-residents of the State. The defendant resides in Carteret County. The summons was returnable to April Term, 1902, of Lenoir Superior Court; complaint was filed at that term and entry made "time to answer." The next term began 11 November, at which term the answer was filed. In the meantime, on 17 October, 1902, the defendant filed an

affidavit and motion to remove the cause to Carteret County, but it does not appear that notice of this motion was served on any of the plaintiffs or their attorneys. At November Term, 1902, and succeeding term, the motion and cause was continued. At March Term, 1903, the motion to remove was granted.

"Lovett Hines, agent," who resides in Lenoir County, was joined as party plaintiff. It is alleged in the complaint that he was the agent of his co-plaintiffs, and as such rented out the lands and was authorized to collect the stipulated rent thereon, for the conversion of which this action was brought.

The answer, while denying information upon the above allegation, admits that said Hines was agent for his co-plaintiffs in taking possession of the crop, and sets up as a defense that he took more of the crop than was due. The Code, section 177, requires that the real party in interest should be plaintiff "except as otherwise provided," and section 179 authorizes, among others, "a trustee of an expressed trust" to sue, and defines him to be "a person with whom or in whose name a contract is made for the benefit of another." It is suggested that Hines, upon the averments in the complaint, was the "trustee of an expressed trust, the *alter ego* of the land owners to rent the land and collect the rents, and hence that he was *prima facie* a proper party, and being a resident of Lenoir County it was therefore error to remove the cause on the ground assigned in the motion under The Code, section 192, for residence of defendant in Carteret. We do not find it necessary to pass upon this point.

The Court in its discretion may remove the trial "when the convenience of witnesses and the ends of justice would be promoted by the change," The Code, 195 (2), and such motion may be made at any time in the progress of the cause. The restriction that the motion to remove must be made "before the time of answering expires," applies only when "the

county designated in the summons and complaint is not the proper county," The Code, section 195, and the defendant seeks to remove as a matter of right.

We may note further that filing the affidavit and motion to remove, in vacation, before the Clerk, was invalid. Such motion must be made before the Judge (*Howard v. Railroad Co.*, 122 N. C., 144), and notice given. *State v. Johnson*, 109 N. C., 855; *Stith v. Jones*, 119 N. C., 430. Even if valid, the filing of the answer, without suggestion or demand for removal, and before action had upon the motion, was a waiver of the motion. *McMinn v. Hamilton*, 77 N. C., 301; *County Board v. State Board*, 106 N. C., 81; *Cherry v. Lilly*, 113 N. C., 27.

Besides, The Code requires that the motion to remove should be made "before the time for answering expires." While this language is slightly different from the Federal statute regulating motions to remove to the Federal Court, which specifies that said motion must be made "at the time or any time before the defendant is required by the laws of the State or the rule of the State Court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff," we think the tenor and object of the two statutes are the same, *i. e.*, to require the defendant to object to the jurisdiction *in limine* by moving to remove as soon as he is afforded opportunity from filing the complaint to know definitely the scope of the action. The language of the statute in both cases has reference to the time at which the answer should be filed under the statute or the general rules of court, and not the special order granting extension of time to answer, which is of itself, if asked or accepted by the defendant, an acceptance of the jurisdiction, and therefore a waiver of the right to remove. *Howard v. Railroad, supra.* In *County Board v. State Board, supra*, the motion to remove was made before the expiration of the extension of time to

answer, but after the answer was filed, and it was held too late. The only case which seems to militate against our ruling in this case is *Shaver v. Huntley,* 107 N. C., 623, but there time was given to file the complaint, and when it was filed in vacation, disclosing the nature of the action, the defendant before answering made a demand for removal and gave notice of the motion to the opposite party. In that case the Court repeats that the motion must be made *in limine.* The question here decided was raised in *Roberts v. Connor,* 125 N. C., 45, but not passed upon, as the order of removal was reversed upon another ground. If the defendant seeks to remove, as a right, because the action is brought in the wrong county, the motion must be made at the return term, if the complaint be then filed, and if it is not, then as soon as the complaint is filed, and before answering.

Error.