GARRETT & CO. v. ISADORE BEAR.

(Filed 19 February, 1907).

1. **Corporation Residence.**—The residence of a corporation for the purpose of suing and being sued is where the governing power is exercised, and is fixed by the charter, without power on the part of the corporation to affect it by a change of its principal place of business.

2. **Removal Not a Matter of Right.**—When suit has been commenced by a corporation returnable to the county of its residence as fixed by its charter, the defendant cannot, as a matter of right, remove it to a different county of which the defendant is a citizen and resident, though the plaintiff may have moved its principal place of business to another State.

3. **Motion to Remove Made Too Late.**—A motion to remove a cause from one county in the State to another as a matter of right, when complaint has been filed, and time to file answer has expired, is made too late.

4. **Agreed Time Allowed for Answer.**—An agreement between counsel for time to file answer is an acceptance of jurisdiction and a waiver of any right to remove.

5. **Motion to Remove, Where and When Made.**—A motion to remove a cause must be made in the district and during term of Court.

6. **Refusal of Motion to Remove Not Reviewable.**—Refusal of Superior Court Judge to order removal of cause for convenience of witnesses and in the interest of justice, is not reviewable in the Supreme Court.

CIVIL ACTION, appealed by defendant from order of *Neal, J.,* at December Term, 1906, refusing defendant's motion to

remove the cause from Halifax County to New Hanover County. Relevant facts stated in the opinion of the Court.

*Daniel, Travis & Kitchin* for plaintiffs.

*J. D. Bellamy, Rountree & Carr, Day, Bell & Dunn* and *Shepherd & Shepherd* for defendant.

CLARK, C. J. This action was brought to Halifax Superior Court. The defendant, a resident of New Hanover County, asked for a removal to that county as a matter of right. The Court found as facts: That the plaintiff was created a corporation under the laws of this State with its home office in the county of Halifax, where it still owns real and personal property and does some business; that it keeps its stock-books and records of all directors and stockholders' meetings there, and holds all such meetings in said county according to the provisions of the charter, and has always done so; but in September, 1903, it removed its principal place of business and home office for transaction of business to Norfolk, Va. The Court further found that the summons was issued 17 March, 1906, returnable to June Term, 1906 (beginning 4 June); summons was served 30 March and complaint filed 22 May; that at the request of the defendant, the plaintiff consented that the defendant should have till 15 July to file answer, without prejudice to the plaintiff's right of trial at August Term; that on 7 July the defendant sent to the Judge in vacation a motion to remove to New Hanover, upon which he took no action; that at August Term by consent the defendant was allowed to file answer, and the motion to remove was continued without prejudice to the next term, at which the Court held that the defendant was not entitled to remove as a matter of right, and refused to remove the case as a matter of discretion, and also refused to remove for convenience of witnesses, because no affidavit was filed.

GARRETT v. BEAR.

The residence of a corporation for the purposes of Federal jurisdiction is in the State creating it. Whether a corporation should be held a "citizen" of the State creating it, for the purpose of removal to the Federal Court, has always been questioned, and the opposite ruling has been and is productive of much evil, but seems settled. The plaintiff is a resident of North Carolina, and as between the counties within the State, Revisal, sec. 422 (Acts 1903, ch. 806), is explicit, "For the purpose of suing and being sued, the principal place of business of a domestic corporation shall be its residence." The residence of the plaintiff is marked out by its charter, which requires its directors and stockholders' meetings to be held in Halifax County. In *Ex-parte Scollenberger*, 96 U. S., 377, *Waite, C. J.,* says: "A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter," adding that it may "transact business anywhere unless prohibited by its charter or excluded by local laws." Welty on Assessments, p. 106, defines the residence of a corporation as follows: "The residence or domicile of a corporation has been defined to be where the governing power of the corporation is exercised; where those meet in council who have a right to control its affairs and prescribe what policy shall be pursued, and not where the labor is performed in executing the requirements of the corporation in transacting its business." This is quoted and approved in *Grundy v. Coal Co.,* 94 Tenn., 309. The action was therefore properly brought in Halifax County, where the "plaintiff resided." Revisal, sec. 424.

Even had it been otherwise, the motion to remove as a matter of right (and not for convenience of witness or to secure an impartial trial) came too late. It should have been made at the return term "before time of answering expired," when complaint has been filed. Revisal, sec. 425; *Riley v. Pelletier,*

134 N. C., 316. The agreement for an extension of time till next term was, besides, of itself an acceptance of jurisdiction and a waiver of any right to remove. *Howard v. Railroad,* 122 N. C., 952; *Riley v. Pelletier, supra.* The same reasoning as to waiver of extension of time applies to removals to the Federal Court and from one county to another. In *Roberts v. Connor,* 125 N. C., 45, there is nothing to the contrary; the Court holding that it was error to order the removal, added that it would be *obiter* to discuss whether the motion had been made in apt time. Nor could the motion be made out of term or out of the district. *Howard v. Railroad, supra.* The refusal to remove for convenience of witnesses and in the interest of justice is not reviewable.

Affirmed.