STEVENS LUMBER COMPANY v. J .W. ARNOLD ET AL, TRADING AS GOUGH & ARNOLD BROTHERS.

(Filed 3 March, 1920.)

1. **Removal of Causes—Transfer of Causes—Pleadings—Clerks of Court—Time to Plead—Application for Extension of Time—Orders.**

   The clerk of the Superior Court in which an action has been commenced has authority, upon request of the defendant, to extend the time for filing the answer beyond the twenty days allowed by the statute, Public Laws of 1919, ch. 304, but he may not, of his own motion, extend the time without the defendant's consent, beyond that requested, and bar him of his right to move the cause to another county when his motion is made before answer filed within the twenty days allowed him from the filing of the complaint, though under a misapprehension as to the statutory time he has, requested the clerk to allow him two weeks in which to file his answer, the time to which he is entitled by the statute.

2. **Same—Motions—Courts—Terms—Procedure.**

   Public Laws of 1919, ch. 304, confers no power upon the clerk of the Superior Court to hear and determine a motion to remove a cause to another county, and this must be done before the judge in term; and where the defendant has filed his motion to remove the cause before the clerk, and afterwards filed his answer within the statutory time, the motion is made in time, and the case should be transferred to the Superior Court for a hearing of the motion before the court in term.

3. **Same—Arguments—Admissions.**

   Where a defendant has acted within the time allowed him by law to file his motion to change the venue of the action, and it appears that he has requested the clerk of the Superior Court for an extension of two weeks from the filing of the complaint in which to answer under a misapprehension of the statutory time allowed by ch. 304, Public Laws of 1919, the

LUMBER CO. *v.* ARNOLD.

extension of time by the clerk beyond that requested is not upon his application, and the failure of the defendant to specially controvert this upon the argument will not deprive him of his right.

CIVIL ACTION, heard before *Connor, J.,* at October Term, 1919, of LEE, on motion to remove the cause for trial to FORSYTH.

The motion was heard before the clerk upon a case agreed, as follows: The above entitled matter coming on to be heard before the clerk of the Superior Court of Lee County, upon demand for change of venue and removal to Surry County for trial, plaintiff and defendants agree on the facts as follows:

That summons in this action was duly issued on or about 4 October, 1919, and duly served upon the defendants; that the plaintiff is a corporation under the laws of Virginia, and the defendants, S. M. Arnold and W. S. Gough, are residents of Surry County, and J. W. Arnold resident of Yadkin County, North Carolina, said summons was returnable before the clerk of the Superior Court for Lee County, North Carolina, on 20 October, 1919, pursuant to provisions of chapter 304 of Public Laws of North Carolina, 1919; that on or about 14 October, 1919, the clerk of said court received from Henry H. Barker, Esq., attorney for defendants, request for extension of time in which to file answer, by letter, copy of which is hereto attached; that the undersigned clerk of this court brought to the attention of counsel for plaintiff the said request, and counsel for plaintiff consented and agreed that such extension of time be granted as was desired, and stated that an extension of a few days was desired to file complaint; the orders were made in said cause by said clerk granting such extensions as appear of record; that pursuant thereto, complaint was duly filed 23 October, 1919; that thereafter the defendants, on 29 October, 1919, made motion before the clerk for change of venue, and removal of said cause to Surry County for trial; that such motion was first made of said date before the judge presiding at the October-November term of court for Lee County, and by him declined for want of jurisdiction in· that said cause was not then at issue and before said court at term.

Upon the foregoing facts, the said motion for removal of this cause, and change of the venue to Surry County, North Carolina, for trial, is refused and declined, and such removal denied.

                    T. N. CAMPBELL,
            Clerk Superior Court, Lee County.

The judge denied the motion to change the place of trial, and settled the following case on appeal, which is necessary to be set forth for an understanding of the facts:

This cause came on for hearing upon appeal from an order of the clerk denying the motion of the defendants to remove this cause from Lee to

Surry County: The motion was heard by T. N. Campbell, clerk Superior Court of Lee County, on 29 October, 1919, upon a statement of agreed facts, set out in the record, as follows: That summons in this action was duly issued on or about 4 October, 1919, and duly served upon the defendants; the plaintiff is a corporation under the laws of Virginia, and the defendants, S. M. Arnold and W. S. Gough, are residents of Surry County, and J. M. Arnold resident of Yadkin County, North Carolina; said summons was returnable before the clerk of the Superior Court for Lee County, North Carolina, on 20 October, 1919, pursuant to provisions of chapter 304 of Public Laws of North Carolina of 1919; that on or about 14 October, 1919, the clerk of said court received from Harry H. Barker, Esq., attorney for the defendants, a request for extension of time in which to file answer, by letter, a copy of which is hereto attached; that the undersigned clerk of this court brought to the attention of counsel for plaintiff the said request, and counsel for plaintiff consented and agreed that such extension of time be granted as was desired, and stated that an extension of a few days was desired to file complaint; that orders were made in said cause by said clerk granting such extensions as appear of record; that pursuant thereto complaint was duly filed 23 October, 1919; that thereafter defendants, on 29 October, 1919, made motion before said clerk for change of venue and removal of said cause to Surry County for trial; that such motion was made on said date before the judge presiding at the October-November term of Lee Superior Court, and by him declined for want of jurisdiction in that said cause was not then at issue and before said court at term. The letter written by Harry H. Barker, attorney for defendants to Hon. T. N. Campbell, clerk Superior Court, dated at Elkin, N. C., 14 October, 1919, and referred to in the statement of agreed facts is as follows:

### *In re* Lumber Company v. Gough & Arnold Bros.

DEAR SIR:—I note under your favor of 13 October that complaint has not yet been filed, and that you will send me a copy as soon as same is filed. Inasmuch as the complaint has not been filed, and we are some distance from you, and the defendants a part of the time being absent from town, I beg to make application for time to file answer when complaint is filed, that is, I would be glad if you would give me an extra two weeks from Monday, 20th, to file answer. As I understand the new law, this is discretionary with you, and I feel like we are entitled to this length of time, owing to the fact that the complaint would not be filed until the 20th instant, and under the law we would be given one week. If you will give me this additional time to file answer, and send me a copy of complaint when it is filed, I will consider it a favor, and it will be greatly appreciated.

The orders referred to in the statement of agreed facts, as appear in the record herein, are as follows:

In the above entitled cause, upon application of H. H. Barker, Esq., attorney for defendants, it is hereby ordered that the defendants be allowed to file answer to the complaint herein at any time on or before 20 November, A.D. 1919.

This 20 October, 1919.                                      T. N. CAMPBELL,
                                        Clerk Superior Court, Lee County.

The original order, filed in the record, and signed by the clerk, is type-written, and the date on or before which answer may be filed is "twentieth day of November, 1919." An inspection of the order discloses that a line has been drawn with a pen through the word "twentieth," and the word "third" is written over the word "twentieth." A line has also been drawn with pen through the word "third," and the figures "20th" written before the word "third" between the lines. As the order now appears, the figures "20th" are not canceled.

At the hearing of the appeal from the clerk, the original order was not exhibited to the judge; the judge did not understand that there was any controversy that the defendants had been allowed until 20 November to file answer.

The attorneys having failed to agree upon the case on appeal, the judge was requested to settle same, pursuant to the statute. The defendants then contended that the order of the clerk gave the leave to file answer on or before 3 November, and did not extend the time to the 20th. For the purpose of determining the facts in this respect, the judge inspected the original order, and considered affidavits and exhibits filed, and therefrom finds the following facts:

1. That after mailing his letter, dated 14 October, 1919, addressed to Hon. T. N. Campbell, clerk Superior Court, hereinbefore set out, Harry H. Barker, attorney for defendants, received through the mail a paper-writing, a copy of which is as follows:

I hereby grant an extension of two weeks from 20 October, 1919, to file answer in case of *Stevens Lumber Company v. Gough & Arnold Bros.*

This 16 October, 1919.                                      T. N. CAMPBELL,
                                                  Clerk Superior Court.

I have also made note of this extension on my docket.

2. That the name "T. N. Campbell" signed on the foregoing paper is not in the handwriting of the clerk of the Superior Court, but is in the handwriting of Miss Fannie S. Campbell, who is the daughter of clerk, and is employed as a clerk in his office.

3. That thereafter the said Harry H. Barker received a letter, copy of which is as follows:

SANFORD, N. C., October 24, 1919.

HARRY H. BARKER, Attorney, Elkin, N. C.

DEAR SIR:—I am herewith enclosing copy of complaint in case of Stevens Lumber Co. v. Gough & Arnold Bros.

Yours truly,

T. N. CAMPBELL,

Clerk Superior Court.

By FANNIE S. CAMPBELL, Office Clerk.

4. On 1 November, 1919, T. N. Campbell, clerk Superior Court, Lee County, at his request, delivered to Harry H. Barker, attorney for defendants, two sheets of paper, certifying under his hand that same "are a true and perfect copy of orders made in the case of Stevens Lumber Co. v. Gough & Arnold Bros."; that two of said orders, set out in said certificate, are as follows:

In the above entitle cause, upon application of H. H. Barker, Esq., attorney for the defendants, it is hereby ordered that the defendants be allowed to file answer to the complaint herein at any time on or before 3 November, 1919.

This 20 October, 1919.          (Signed)   T. N. CAMPBELL,

Clerk Superior Court, Lee County.

5. That the order set out in the certificate, dated 16 October, 1919, copy of which was received by H. H. Barker, attorney for defendant, was not signed by T. N. Campbell, clerk Superior Court, nor by any one at his special request, nor was same made by him; that said order was signed in the name of T. N. Campbell, by Miss Fannie S. Campbell, who is employed in the office of the clerk of the Superior Court.

6. That the only order made by T. N. Campbell, clerk Superior Court of Lee County, upon the application of H. H. Barker, attorney for defendants, is the order dated 20 October, 1919; that at the time this order was signed by the said clerk the word "twentieth," between the words "the" and "day," appeared therein; that Miss Fannie S. Campbell, after the same had been signed by the clerk, and while she was employed in said office, at the request of H. H. Barker, Esq., attorney for defendants, and without the knowledge of the clerk of the court, drew a line through the word "twentieth," and wrote over the said word "third"; that subsequently, at the request of the clerk, she drew a line through the word "third" and wrote the figures "20th" as they now appear in said order; that H. H. Barker requested Miss Campbell to make said

change in the order because he was of the opinion that there was a clerical error therein; that neither Mr. Barker nor Miss Campbell had any unlawful purpose in making said change in the order; that both were of the opinion that they were correcting a clerical error.

7. That during the argument of counsel on the appeal of defendants, which was heard on 29 October, 1919, in the courthouse at Sanford, N. C., the statement was made, and not controverted, that defendants had, upon request of their attorneys, been granted an extension of time to file answer to 20 November, 1919.

Upon the foregoing facts the court is of the opinion, and so holds, that:

1. That the order dated 16 October, 1919, granting an extension of two weeks from 20 October, 1919, within which to file answer is not a valid order.

2. That the order dated 20 October, 1919, is the only order made by the clerk upon application of defendant's attorney, for an extension of time within which to file answer, and that pursuant thereto the defendants had until 20 November, 1919, to file answer.

From the judgment of the court denying the motion, the defendants appealed, and assigned error as to certain findings of facts, and to the judgment, which will be mentioned later.

*Williams & Williams for plaintiff.*
*H. H. Barker and Holton & Holton for defendant.* ·

WALKER, J., after stating the case: If we give to the facts of this case their proper meaning, and consider carefully the documentary proof which is made a part of the case, the legal merits will the more easily be seen. It appears that the summons had been issued, and served, returnable 20 October, 1919, and that defendant's counsel wrote to the clerk of Lee County for "an extra two weeks, from Monday, 20th, to file answer." This is the literal form of the request for time. There was no general request for an extension of the time, but a special request, in order to be on the safe side, that he have two weeks from the return day of the summons to file the answer, which would be until 3 November, 1919. The clerk, instead of complying with this specific request, extended the time to 20 November, 1919, or about seventeen days beyond the time requested. The letter shows that this was the request, as the attorney states further on that, under the new law (acts of 1919, ch. 304), he had only one week from the filing of the complaint on the 20th, and that he needed two weeks from that date, or until November 3d, and, in addition, plaintiff's counsel only agreed to "such extension of time as was desired," which was two weeks from 20 October, or, if two from the time of actually filing the complaint, which was 23 October, it would be not later

than 7 November. The defendants had, under the act of 1919, ch. 304, sec. 3, 20 days after the return day of the summons, or 20 days after the filing of the complaint, if plaintiff's time for filing the same was extended.

It cannot be that, where the clerk and defendant's counsel resided in different places, widely separated, it was competent for the clerk to extend the time beyond the date requested by the former, without his consent, or even his knowledge, and beyond the time assented to by the plaintiff's counsel, because he granted only the time requested, or "desired," to use his language. The clerk, it may be conceded, has the power, under the new act, to extend the time for filing an answer, but he cannot do so of his own motion and contrary to a request for a stated time, so as to deprive the defendant of his right of removal, at least without his consent. The defendant's counsel, not having read the last statute in regard to procedure and pleadings, was not entirely sure as to the time for answering allowed him. He did not need any order for an extension of time to file his answer, as the two weeks requested by him were well within the statutory time, as the regular time would have expired about 4 November. The defendant did not need any extension, nor did he ask for one, in a technical sense, as he already had the time, which is mentioned in his letter, under the statute. Compliance with his request would be giving him only the time which he already had by law.

The motion for the removal was filed on 29 October, in the office of the clerk, and before the clerk, the complaint having been filed on the 23d, the defendant was therefore within his legal right when he filed his motion, regardless of any action of the clerk as to the time. The statute says that he shall file his motion before the time for answering expires, and this he did. After filing his motion with the clerk, he could then answer, and the case would then be transferred to the Superior Court, as was done, for a hearing of the motion before the court at term. No other procedure can be adopted since the act of 1919, as there is no provision in that statute giving the clerk power or jurisdiction to pass upon a motion, and this must necessarily be done as before, and, even as now, provided in the law, by the judge at term, otherwise by filing his answer, so that the issue may be raised and the case transferred, without first making his motion to remove, the defendant, by the very terms of the statute, would lose his right to remove, as his motion for that purpose is due before the answer is actually filed, or before the time for filing it has expired.

As to the order of extension made by the clerk, we are of the opinion that the judge should either have disregarded it altogether, as being a work of supererogation on the part of the defendants and the clerk—a

mere nullity, or he should have, himself, directed the order to be amended so as to comply with the request made by the defendant's counsel in letter. We do not understand why the time was extended to 20 November, 1919, unless by misunderstanding, or mistake, of the clerk, as to the motion and exact scope of the request, but his action, under the circumstances, is not to be taken as binding upon the defendants, nor imputed to them as a waiver of their right. Such a view of it would be entirely inadmissible, and would be very unjust to them. They have been diligent in filing their motion for a removal, and, in the further prosecution of the case, they have acted promptly and within the time allotted to them by law, and there is no valid, or sufficient, reason for any loss of their right to change the venue of this action.

It is said in the case not to have been controverted during the argument, that the defendants, upon the request of their attorneys, had been granted an extension of time until 20 November, 1919, to file their answer, and further, that the order of 20 October, 1919, extending the time to file the answer, is the only one made on the application of the defendant's counsel. This may all be true, first, because the extension to 20 November was granted "on the application of defendant's counsel," but not in response thereto, as it did not ask for such an extension, and in that sense only was the extension granted on his application, and, second, for the same reason was the order of extension the only one made, on his application. Besides, a party is not bound to controvert everything said on an argument on pain of losing his rights.

The fact remains, and clearly and palpably appears, that the clerk's order was made on a misapprehension of the true nature of the request as contained in the letter. The conclusion follows, and as we think logically, that the ruling of the court denying the removal was based upon something done erroneously by the clerk, and cannot be supported by anything authorized, or done, by the defendants which waives or forfeits their right to remove the case. Any other decision, it seems to us, would violate the spirit, if not the letter, of the statute. The case, therefore, does not fall within those cited by the plaintiff, where an unequivocal request for an extension of time was made, and granted, and where, too, in most, if not all, of the cases the request for removal was filed after the statutory period had elapsed. Here it was filed within the time, and only a few days after 20 October, 1919, when the complaint was filed, that is, on 29 October, 1919. We repeat that the judge should have corrected the record by having the order amended, so as to express what was actually done, and setting right a mere clerical error.

The words of *Justice Davis,* in *Shaver v. Huntley,* 107 N. C., 623, at 628, are peculiarly appropriate here, as he was treating of a similar question. He said: "If this be not so, the defendants have lost a right

without any fault, or neglect, of their own, and which they could not have prevented by any reasonable diligence or foresight." These defendants could not suppose that the clerk, of his own motion, would give an order for which they had not asked. Their counsel recognized the mistake as soon as it came to their knowledge. The right of removal, or change of place of trial, under our statute, is said to be of the same nature as that under the Federal law, or analogous to it, and that law is truly and accurately construed in *Bank v. Keator,* 52 Fed. Rep., 897, as follows: "A petition for removal filed after the statutory period has expired comes too late, even though filed within the time allowed for answering by order of the court, where such order is based on the stipulations of the parties." See, also, *Wilcox v. Ins. Co.,* 72 Fed. Rep., 803, and *Fox v. R. R.,* 80 Fed. Rep., 945; *Williams v. Tel. Co.,* 116 N. C., 558; *Howard v. R. R.,* 122 N. C., 944, where many similar cases are cited; *Riley v. Pelletier,* 134 N. C., 318; *Garrett v. Bear,* 144 N. C., 25; *McArthur v. Griffith,* 147 N. C., 545. In all these cases, where the right of removal has been denied because the motion came too late, that is, after the time for answering, under the law, and not under any special extension, had expired, we believe, so far as we have been able to discover, that the motion for the removal was made during the extended time, after statutory time had run its course, while here there was no extension requested by the defendants beyond the statutory limit, and the motion was actually made in time, that is, before the answer had been filed or the time for answering had elapsed.

The defendant has acted promptly within the meaning of the statute, and has done nothing to prejudice his right to remove.

Reversed.