M. ZUCKER AND S. ZUCKER, TRADING AS M. & S. ZUCKER, v. JONAS OETTINGER AND E. R. OETTINGER, TRADING AS J. & D. OETTINGER.

(Filed 3 March, 1920.)

**Removal of Causes—Transfer of Causes—Motions—Clerks of Court—Pleadings—Answer—Superior Court—Jurisdiction.**

Where proceedings are commenced by the issuance of a summons by a nonresident plaintiff in the wrong venue, before the clerk of the court, ch. 304, Acts 1919, the defendant may file his motion before the clerk before time to answer has expired, and thereafter file his answer, when the cause will be transferred to term; and the motion to remove then being properly before the judge, he has jurisdiction and authority to pass thereon, and order the cause transferred to the proper venue.

MOTION FOR REMOVAL, heard before *Connor, J.,* at January Term, 1920, of PITT. Motion was allowed, and plaintiff appealed.

*S. J. Everett for plaintiffs.*
*No counsel for defendants.*

BROWN, J.  This is an action brought against the defendants to re-
cover the balance due on account of goods sold and delivered.

The plaintiffs are residents of the city of New York, and the defend-
ants are residents of the county of Wilson.  Summons was issued by the
clerk of the Superior Court of Pitt County, under chapter 304, Acts of
1919.

The plaintiff filed his verified complaint, and the defendant, before
filing answer and before return time, appeared before the clerk and
demanded removal of the same to the county of the defendants.

Thereupon the clerk made an order transferring the same to the Supe-
rior Court of Wilson County.

Whereupon the plaintiffs excepted, and clerk transferred the cause to
the Superior Court docket, and at term time his Honor affirmed and
approved the order of the clerk removing the same.

The plaintiff, being a nonresident, should have commenced the action
in the county of Wilson, where the defendant resided.  In such cases
the nonresident plaintiff is not permitted to select any county in the
State within which to bring his action.  If he brings it in the wrong
county it is subject to the power of court to remove the same to the
proper county upon motion made in apt time.  Clark's Code, sec. 192;
*Stevens Lumber Co. v. Arnold,* at this term.  Prior to the Act of 1919,
the motion, as a matter of course, was made in the Superior Court, and
could not be made before the clerk.  Since that statute makes the sum-
mons and the pleadings to be filed before the clerk, it necessarily follows
that the motion for a change of venue should be lodged with the clerk,
because such motion to remove an action to another county cannot be
made after answer filed.  *Board of Education v. State Board,* 106 N. C.,
83.  The party desiring to move the cause can preserve his rights by
filing his motion with the clerk before filing his answer.  Such party
can then file his answer.  The clerk can transmit all the papers, includ-
ing the motion, to the Superior Court.  Whereupon the judge can pass
upon the motion for a change of venue.

In this case the clerk granted the order of removal, and the plaintiff
appealed to the judge, who heard the same at the January regular term
of the Superior Court of the county of Pitt.  His Honor, Judge Connor,
ordered the cause to be removed.  It is immaterial how the cause got
before the judge in term time, whether by appeal or by a transfer.  It is
sufficient that it was rightfully there, and the judge had jurisdiction to
pass upon the motion.

Affirmed.