HOWARD AND BEAUFORT REALTY CORPORATION v. JOHN HINSON.

(Filed 10 March, 1926.)

**1. Courts—Jurisdiction—Clerks of Court—Dismissal of Appeal—Remand.**

Where the clerk of the Superior Court has denied plaintiff's motion for judgment for the want of an answer, and permitted the answer to be filed, and the Superior Court judge has dismissed the plaintiff's appeal, it is equivalent to an order remanding the cause to the clerk.

**2. Removal of Causes—Pleadings—Procedure—Answer—Demurrer.**

Defendant in a civil action must appear and demur or answer within twenty days after the return day of the summons, or after service of the complaint upon him, or within twenty days after the final determination of a motion to remove as a matter of right. C. S., 509.

**3. Removal of Causes—Convenience of Witness—Discretion of Court.**

A petition for the removal of a cause from one county in the State to another for the convenience of witnesses, is addressed to the discretionary power of the court.

**4. Removal of Causes—Appeal and Error.**

All motions to remove a cause for trial should be made before the clerk of the court of the county wherein the action was brought, when claimed as a matter of right, and from his judgment an appeal will lie to the judge.

**5. Courts—Pleadings—Discretionary Power.**

The broad discretionary power given by statute to the trial judge to permit the filing of pleadings, is not affected by the separate jurisdiction given by statute to the Superior Court. 3 C. S., 509, 536.

**6. Same—Appeal.**

Where the defendant has filed petition to transfer a cause to another county for trial, and thereafter, and after the time to answer before the

clerk has expired, the clerk permits the answer to be filed and declines to sign judgment by default for plaintiff, on plaintiff's appeal: *Held*, the judge could exercise the discretion given him by statute to permit the answer to be filed after the time for answering had expired.

APPEAL by plaintiffs from an order of *Bond, J.*, at the October Term, 1925, of CRAVEN, granting the defendant leave to file an answer. Affirmed.

*T. D. Warren for plaintiffs.*
*J. Faison Thomson for defendant.*

ADAMS, J.  The plaintiffs brought this action to recover damages for injury to an automobile alleged to have been caused by the defendant's negligence. The summons, returnable 10 June, 1925, was issued 28 May, and served 3 June. The complaint duly verified was filed 29 May. On 26 June the defendant moved upon affidavit that the cause be removed from Craven to Wayne on the ground that the convenience of witnesses and the ends of justice would be promoted by the change. C. S., 470(2). On 6 July, the plaintiffs prepared a judgment by default and inquiry and tendered it to the clerk for his signature. He denied the motion for judgment and the plaintiffs excepted and appealed to the Superior Court. The appeal was heard at the October Term in Craven. Meantime, on 24 July, 1925, the defendant filed his verified answer. On the hearing of the appeal Judge Bond approved the action of the clerk, made an order permitting the defendant to file his answer, and dismissed the appeal. The plaintiffs excepted and appealed to the Supreme Court.

Since the defendant was granted leave to file an answer we may treat the dismissal of the appeal as equivalent to an order remanding the cause to the clerk and determine the question on its merits.

The defendant in a civil action must appear and demur or answer within twenty days after the return day of the summons or after service of the complaint upon each of the defendants, or within twenty days after the final determination of a motion to remove as a matter of right. 3 C. S., 509. The removal of a cause from one county to another for the convenience of witnesses is not a matter of right because it involves the exercise of discretion. *Oettinger v. Livestock Co.*, 170 N. C., 152. All motions to remove as a matter of right and all motions to remove to the Federal Court shall be made before the clerk, and from his order an appeal may be taken (3 C. S., 913(a); Laws 1925, ch. 282); but a motion to remove for the convenience of witnesses may be made before the judge at any time during the term. *Riley v. Pelletier,* 134 N. C., 316. See, also, *Lumber Co. v. Arnold,* 179 N. C., 269, 275;

*Zucker v. Oettinger,* 179 N. C., 277. The clerk refused to sign the judgment tendered by the plaintiffs on the ground that the motion for removal was pending; but as the removal was discretionary the statute did not enlarge the time for filing the answer until determination of the motion. In the record there is no order of the clerk extending the time, but one of the appellants' assignments of error is the statement that the clerk erred in permitting the defendant to file his answer on 24 July, as the statutory time had expired; and in the appellee's brief it is said the clerk made an order to this effect. We assume, then, that on 24 July the clerk permitted the defendant to file his answer; but the time fixed by the statute had then expired.

The appellants contend that the clerk had no authority to direct that the answer be filed after the expiration of the time prescribed by the statute. If this be granted, the question is whether the judge had such authority when the case was before him on appeal; and this question, we think, has practically been resolved against the position of the appellants. In *McNair v. Yarboro,* 186 N. C., 111, it is said that section 509 (3 C. S.; Laws 1921, ch. 92), applies to the clerk and does not impair the broad powers conferred on the judge by section 536, and that he may in his discretion and upon such terms as may be just allow an answer or reply to be made, or other act to be done, after the time limited, or by an order enlarge the time. *Greenville v. Munford, post,* 373. In *McNair's case* the clerk entered judgment by default final for want of an answer and afterwards refused to set aside the judgment on the ground of irregularity. When the appeal was heard the judge held that the verification of the complaint was defective, vacated the clerk's judgment, and gave the defendant leave to answer. In *Cahoon v. Everton,* 187 N. C., 369, it was held that the plaintiff waived his right to judgment for want of an answer by delaying his motion therefor until the answer had been filed and the case had been transferred to the Superior Court for trial. Likewise in *Roberts v. Merritt,* 189 N. C., 194, it appeared that although the answer had not been filed in time, the plaintiff instead of insisting on his right to judgment twice procured a continuance of the cause in term; and it was held that retaining or striking out the answer was a matter addressed to the discretion of the presiding judge. In the first of these cases the decision involved a question of law; in the last two it involved waiver by a party and the exercise of discretion by the judge.

The record in the case before us does not definitely show whether the defendant's failure to answer was due to his mistake of the law (*Battle v. Mercer,* 187 N. C., 437), or to the ruling of the clerk. We appreciate the import of a decision to the effect that the judge may exercise his discretion (sec. 536) on an appeal from the adverse ruling of the clerk

which raises primarily only a question of law; but such a decision logically results from a liberal interpretation of the several statutes, which, while restricting the clerk, enlarge the discretionary powers of the judge. Our assurance against abuse is the experience and wisdom of the judiciary. We must therefore affirm the order of Judge Bond permitting the defendant to file his answer.

Affirmed.