### LULA WATKINS, ADMINISTRATRIX OF J. H. WATKINS, v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 18 November, 1931.)

**1. Insurance P b—Where policy sued on is not offered in evidence and there is no evidence that it was in force a nonsuit is proper.**

In an action on an insurance policy a nonsuit is correctly entered in the court below when the policy contract is not offered in evidence and it is not made to appear that it was in force at the time in question.

2. **Pleadings H a—Order of trial court allowing filing of pleadings after expiration of statutory time is upheld.**

An order of the trial court allowing the defendant to file answer after the expiration of the statutory time is upheld upon authority of *Howard v. Hinson*, 191 N. C., 366.

APPEAL by plaintiff from *Sink, J.,* at June Term, 1931, of GUILFORD. Civil action to recover on a policy of group life insurance.

On 1 October, 1917, the defendant issued to Pomona Mills, Inc., its Group Policy of Life Insurance No. 369, covering the lives of certain employees.

On 1 February, 1922, the Pomona Mills, Inc., issued to J. H. Watkins, one of its employees at that time, certificate No. 1867, showing that his life was insured for $300 under the defendant's Group Policy No. 369, "while you are in the employ of this company and during the continuance of the policy," to be automatically cancelled, however, "if you are absent for more than two weeks without permission of the superintendent. . . . Permission will be granted for sickness or other unavoidable causes, provided you make application to the superintendent."

Plaintiff's intestate, the holder of this certificate, did no work for the Pomona Mills after April, 1928. He died 26 December, 1929. It is alleged that he was unable to give notice, etc., because of immediate mental derangement on leaving the mill. *Rhyne v. Ins. Co.,* 196 N. C., 717, 147 S. E., 6, and 199 N. C., 419, 154 S. E., 749.

From a judgment of nonsuit entered at the close of plaintiff's evidence, she appeals.

*E. D. Kuykendall and O. W. Duke for plaintiff.*
*Murray Allen for defendant.*

PER CURIAM. The contract of insurance issued by the defendant to Pomona Mills, Inc., under which plaintiff claims, was not offered in evidence. Nor does it appear that it was in force when plaintiff's intestate left the Pomona Mills or when he died. The judgment of nonsuit was properly entered.

The order made by the judge allowing defendant to file answer, after statutory time for filing had expired, is supported by the decision in *Howard v. Hinson,* 191 N. C., 366, 131 S. E., 748.

Affirmed.