Civil action to recover on a policy of group life insurance.
On 1 October, 1917, the defendant issued to Pomona Mills, Inc., its Group Policy of Life Insurance No. 369, covering the lives of certain employees.
On 1 February, 1922, the Pomona Mills, Inc., issued to J. H. Watkins, one of its employees at that time, certificate No. 1867, showing that his life was insured for $300 under the defendant's Group Policy No. 369, "while you are in the employ of this company and during the continuance of the policy," to be automatically cancelled, however, "if you are absent for more than two weeks without permission of the superintendent. . . . Permission will be granted fro sickness or other unavoidable causes, provided you make application to the superintendent."
Plaintiff's intestate, the holder of this certificate, did no work for the Pomona Mills after April, 1928. He died 26 December, 1929. It is alleged that he was unable to give notice, etc., because of immediate mental derangement on leaving the mill. Rhyne v. Ins. Co., 196 N.C. 717,147 S.E. 6, and 199 N.C. 419, 154 S.E. 749.
From a judgment of nonsuit entered at the close of plaintiff's evidence, she appeals.
The contract of insurance issued by the defendant to Pomona Mills, Inc., under which plaintiff claims, was not offered in evidence. Nor does it appear that it was in force when plaintiff's intestate left the Pomona Mills or when he died. The judgment of nonsuit was properly entered.
The order made by the judge allowing defendant to file answer, after statutory time for filing has expired, is supported by the decision inHoward v. Hinson, 191 N.C. 366, 131 S.E. 748.
Affirmed. *Page 683