JOHN J. CALCAGNO v. A. L. OVERBY AND A. H. WILLIAMS.

(Filed 20 March, 1940.)

1. Venue § 3—

A defendant's motion to extend the time for him to file answer, allowed by consent, is an acceptance of the jurisdiction of the court and waives such defendant's right to move for change of venue as a matter of right.

2. Same—

A motion for change of venue as a matter of right, made after expiration of time for filing answer, is properly denied on the ground that the motion was not made in apt time. C. S., 470.

APPEAL by defendants from *Thompson, J.,* at October Term, 1939, of VANCE. Affirmed.

Action for damages for personal injury due to the negligence of defendants in the operation of a motor truck. Motion by defendants for removal of the cause to Harnett County as proper place of trial. Motion denied and defendants appealed.

*Gholson & Gholson for plaintiff, appellee.*
*Kerr & Kerr for defendants, appellants.*

PER CURIAM. The motion for removal as a matter of right was denied by the court below on the ground that the motion was not made in apt time. It appeared that summons was served, and complaint filed 5 July, 1939. On August 4, 1939, the following order was entered by the clerk of the Superior Court: "Upon motion of defendant A. L. Overby, and by consent, it is ordered and adjudged that the defendant A. L. Overby shall have to and through August 23, 1939, to file answer in this action." On 11 August, 1939, motions for removal were made by defendants Overby and Williams.

It is apparent that the motions to remove as a matter of right came too late. Defendant Overby's motion and agreement to extend the time to file answer was an acceptance of the jurisdiction and waived the right

to remove on that ground.  *Garrett v. Bear,* 144 N. C., 23, 56 S. E., 479;
McIntosh Prac. & Proc., 280.  Defendant Williams' motion was made
after the time for answering had expired.  C. S., 470; *Lumber Co. v.
Arnold,* 179 N. C., 269, 102 S. E., 409.

Judgment affirmed.