### W. L. POTTS v. UNITED SUPPLY CO. ET AL.

(Filed 21 October, 1942.)

**Venue §§ 1c, 4a—**

> In an action in Catawba County, residence of plaintiff, for an alleged wrongful conspiracy and damages therefor which occurred in Wilkes County, against a corporation and two individuals acting as the corporation's agents, one of the individuals being described as a deputy sheriff of Wilkes County, a motion for change of venue to Wilkes County, under C. S., 464, was properly denied, there being no allegation that the acts complained of were done by the deputy sheriff by virtue of his office. *Quære,* whether a deputy sheriff is a "public officer" within the meaning of this statute.

APPEAL by defendants from *Alley, J.,* at February Term, 1942, of CATAWBA.

Civil action for an alleged wrongful conspiracy and damages resulting from its execution, instituted in the county of plaintiff's residence, against citizens and residents of Wilkes County.

The complaint alleges that on 16 November, 1939, in Wilkes County, "the defendants, Paul J. Vestal and Homer Brookshire, the said Homer Brookshire acting and representing himself to be a deputy sheriff of Wilkes County, both of whom were acting as agents and representatives of their codefendant, United Supply Company, Inc., and within the scope of their employment, and with full knowledge and consent of their codefendant, United Supply Company, Inc.," did unlawfully and in

furtherance of an illegal conspiracy, enter upon the premises of the plaintiff and take into their possession and carry away certain personal property of the plaintiff to his great injury and damage; that "the acts and conduct of the United Supply Company, Inc., Paul J. Vestal and Homer Brookshire was all the result of a collusion between them," etc.

Before answering and before the time for answering had expired, the defendants moved for change of venue to Wilkes County as a matter of right on the ground that Homer Brookshire is a public officer of Wilkes County, to wit, a deputy sheriff, and that the action relates to an act done by him by virtue of his office.

The clerk ordered the case removed, which was reversed on appeal to the judge of the Superior Court. From this latter order, the defendants appeal, assigning error.

*W. H. Childs and Fred D. Caldwell for plaintiff, appellee.*
*W. H. McElwee for defendants, appellants.*

STACY, C. J. Defendants predicate their application for change of venue on C. S., 464, which provides that an action against a public officer or a person especially appointed to execute his duties, for an act done by him by virtue of his office, must be tried in the county where the cause of action, or some part thereof, arose, subject to the power of the court to change the place of trial for good cause shown.

It is contended that the cause of action arose in Wilkes County; that as to Homer Brookshire, it is based, in part at least, on an act done by him *colore officii,* and that, by the terms of the statute, the action must be tried in Wilkes County. *Kellis v. Welch,* 201 N. C., 39, 158 S. E., 742.

Concededly, the cause of action arose in Wilkes County. In respect of Homer Brookshire, however, it is not alleged that he participated in the conspiracy as a deputy sheriff, but as an agent and representative of the corporate defendant. This suffices to defeat the application for change of venue as a matter of right. The action is not against the sheriff for alleged malfeasance of his deputy. *Lyle v. Wilson,* 26 N. C., 226.

True, when an officer is sued for an act necessarily done *colore officii,* proper venue may not be defeated by alleging that the act was done by him as an individual. *Shaver v. Huntley,* 107 N. C., 623, 12 S. E., 316. But this is not the present case.

Moreover, there are cases, or *dicta,* which seem to suggest that a deputy sheriff is not a "public officer" within the meaning of this section. *Styers v. Forsyth County,* 212 N. C., 558, 194 S. E., 305; *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826; *Blake v. Allen,* 221 N. C., 445.

On the record as presented, the application was properly denied.

Affirmed.